## Mary Fee *v.* Columbus Borough, Appellant.

*Negligence—Contributory negligence—Boroughs—Defective sidewalk—Evidence—Question for jury.*

In an action of trespass against a borough to recover damages for personal injuries suffered from falling upon a sidewalk alleged to be defective, the case is for the jury where the evidence, though conflicting, tends to show that at the point where the accident occurred there were loose planks, and that the sidewalk had been in a defective condition for several months.

In such a case, where there was evidence that plaintiff had previously passed over the walk frequently, it was not error for the court to charge that whether plaintiff ought to have noticed its dangerous condition is for the jury; "she was not bound to the exercise of extraordinary care; but she was bound to use such care as a person of ordinary prudence, situated as she was, under like circumstances would use, and if she neglected that, it would be negligence."

Argued May 6, 1895. Appeal, No. 203, Jan. T., 1895, by defendant, from judgment of C. P. Warren Co., Sept. T., 1893, No. 28, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before NOYES, P. J.

At the trial it appeared that on May 10, 1893, plaintiff was injured by falling on the sidewalk on the west side of Main street in Columbus borough. Evidence for the plaintiff tended to show that at the point where the accident occurred the

planks of the sidewalk were worn and loose.   One witness testified that the sidewalk had been in a defective condition for six months.   Another stated that the planks were rotten, and some were broken off, and that the walk had been in this condition for eleven months.   The evidence for defendant showed that plaintiff had walked over the sidewalk daily during the entire spring and winter preceding the accident.   Witnesses for defendant also testified that the sidewalk was in good condition.

The court charged in part as follows :

" [Now, gentlemen, any defect which existed in the walk at the time when Mr. Schramling examined it, and which was apparent to a person examining it with ordinary care, of course the borough had actual notice of it ; notice to him would be notice to the borough, under those circumstances.   This would be an important question for you to determine.   What was the condition of the walk at that time ?   He testifies that there were no such defects as are described by the plaintiff's witnesses at that time ; substantially, that there were no broken planks and no loose planks that he discovered.] [1]

" There is evidence, too, that the burgess, Mr. Smith, was accustomed to walk over the walk about every day.   That you may consider in respect to the question of actual notice of the defects in the walk.   He testifies that he did not discover any such defects as described by the plaintiff, and he thinks he would have discovered them if there had been any there.   All this is for you.   You must determine from this conflicting testimony what the true facts are.   What was the actual condition of this sidewalk at the time when the accident occurred, and how long had it existed prior to that time ?   If it was actually known, as I have said to you, by the officers that the sidewalk was dangerous, and for an unreasonable time they neglected to repair it, or, if it had been dangerous so long that, considering its situation, the amount of travel over the walk, the public place the walk occupied and all the circumstances in the case, the officers by exercising reasonable and ordinary care should have known of it and failed to repair it, then they were negligent." [2]

" [There is evidence that the plaintiff had passed over the walk frequently.   She did not testify as I remember that she

had observed or noticed the dangerous condition of the walk, these loose planks and so on, before this time ; but whether she had noticed it—whether she ought to have noticed it is for you. As I have said, she was not bound to the exercise of extraordinary care ; but she was bound to use such care as a person of ordinary prudence, situated as she was, under like circumstances, would use, and if she neglected that it would be negligence.] [7]

" [If she fell by reason of loose planks or other defects in the walk which were apparent and should have been seen and repaired, or if the defects, had been there long enough so that the borough officers either actually knew of the condition, or should have known its condition by the exercise of ordinary care, and the plaintiff was free from any negligence on her part, she would be entitled to recover.] " [8]

Defendant's points were, among others, as follows :

" 4. The notice to the property owners to rebuild the walk is no evidence of express notice on the part of the borough of the alleged defects which caused the injury ; and there is no evidence in this case of any express notice to the borough authorities of the alleged dangerous condition of this walk.  *Answer :* With these remarks, gentlemen, which cover the subject embraced in the defendant's fourth point, I answer that point in the negative. [3]

" 5. Unless the jury find that the alleged dangerous condition of the walk was so open, notorious and apparent as to be noticeable to all who had occasion to pass the place or to observe the premises, and unless they disbelieve all the defendant's witnesses who testify that such was not the case, the verdict should be for the defendant.  *Answer :* Also the fifth point is refused, because it assumes that there is no evidence of any kind of actual notice of the condition of the walk, which is not as I view it. [4]

" 6. If the jury believe the testimony of the plaintiff and her witnesses upon the points that she was frequently over the walk while it was out of repair, and that the defects were open, notorious and plainly to be seen ; and if they believe that by taking the street she could have gone around the place where she fell, and would have reached her destination in safety, then she would be guilty of contributory negligence and cannot re-

cover, and the verdict should be for the defendant. *Answer:* If there was a safe way around the defect in the walk, and this defect was known to the plaintiff, and apparently dangerous, she was guilty of negligence in going over the walk instead of around by a safe way. Reasonable care and reasonable conduct, under all the circumstances, is what you should apply to this plaintiff as well as the defendant's officers." [5]

" 3. If the jury believe that the plaintiff was suffering from a rupture before the 10th of May, 1893, there can be no recovery of damages for that cause. *Answer:* Of course, gentlemen, that is correct; she cannot recover for anything which was not caused by the accident. She testifies that she had no rupture prior to that time; if you are satisfied from all the evidence that she did, and that this statement by her, that the rupture was occasioned by the accident, is not true, you will exclude that entirely from the case; and it would go a long way to discredit her testimony in every particular where she is contradicted by other witnesses. If you find that she has testified falsely in respect to that, of course it would make it very difficult for you to believe her wherever she is contradicted by other witnesses as to any other matter." [6]

Verdict and judgment for plaintiff for $700. Defendant appealed.

*Errors assigned* were (1–8) above instructions, quoting them.

*W. M. Lindsey, J. O. Parmlee* and *Albert B. Osborne* with him, for appellant, cited: 2 Bouvier's Law Dict., p. 189; Burns v. Bradford, 137 Pa. 360; Otto Twp. v. Wolf, 106 Pa. 611; Rapho v. Moore, 68 Pa. 404; Lohr v. Philipsburg Borough, 156 Pa. 246; Erie v. Magill, 101 Pa. 616; Crescent Twp. v. Anderson, 114 Pa. 643; Barnes v. Sowden, 119 Pa. 53; King v. Thompson, 87 Pa. 365; Dehnhardt v. Phila., 15 W. N. C. 214; Robb v. Connellsville Borough, 137 Pa. 42.

*W. W. Wilbur* of *Wilbur & Schnur, Allen & Sons* with him, for appellee, cited: McLaughlin v. Corry, 77 Pa. 109; Lohr v. Philipsburg Borough, 156 Pa. 246; Merriman v. Philipsburg, 158 Pa. 79; Nanticoke Borough v. Warne, 106 Pa. 375; Crumlich v. Harrisburg, 162 Pa. 624; Trickett on Pa. Boro. Law,

449; Kibele v. Phila., 105 Pa. 44; R. R. v. Brandtmaier, 113 Pa. 610.

PER CURIAM, May 20, 1895:

Considered in the light of all the testimony properly before the jury, there is no substantial error in either of the excerpts from the learned judge's charge, recited in the first, second, seventh and eighth specifications; nor do we think there is any error in either of his answers to defendant's requests for charge specified in the remaining four assignments. Questions of fact, necessarily for the exclusive consideration of the jury, were presented by the testimony and properly submitted to them, with instructions which appear to be substantially accurate and adequate. We find nothing in either of the assignments of error that requires special comment.

Judgment affirmed.