Jackson Smith and Sarah J. Smith, his Wife, for the use of the said Sarah J. Smith, *v.* The Borough of East Mauch Chunk, Appellant.

*Negligence—Requisite care of city streets—Municipal law.*

Persons using municipal streets and sidewalks of a borough at the present day are entitled to have them kept in such order and repair as to be safely used, and it is the duty of the proper officials of a borough to see that this duty to the public is performed so that persons may travel the streets without danger to life or limb.

*Damages—Measure of—Injury from defective sidewalk.*

The jury were correctly instructed, in case of injury resulting from a defective sidewalk that in estimating damages, they should allow, not only

for the direct expenses incurred by the plaintiff by reason of the injury, but also for the privation and inconvenience she is subjected to, and for the pain and suffering, bodily and mental, which she experienced, and is likely to experience, as well as for the pecuniary loss she has sustained and is likely to sustain during the remainder of her life, by reason of such injuries.

*Negligence—Municipal law—Sidewalk—Question for jury.*

There being evidence tending to show that a wooden sidewalk in a borough street was, and had been for some time rotten, and that plaintiff's injury resulted therefrom, and that the chief burgess had actual knowledge of the condition of the sidewalk, there was sufficient evidence on the question of negligence and notice to carry the case to the jury.

*Refusal of new trial—Excessive verdict—Misconduct of juror—Review.*

The amount of a verdict and the alleged misconduct of a juror were proper questions for review in the court below on a rule for a new trial, and the question having been considered after evidence taken and the rule discharged for good and sufficient reasons, the verdict will not be disturbed by the appellate court.

*Negligence—Husband and wife—Disclaimer by husband—Measure of damages.*

In a suit by husband and wife for injuries to the wife where the husband files a disclaimer, the jury may include his loss of services as a part of her claim.

Argued Jan. 19, 1897. Appeal, No. 39, Jan. T., 1897, by defendant, from judgment of C. P. Carbon Co., June T., 1893, No. 20, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Trespass for injuries arising from defective sidewalk. Before CRAIG, P. J., who charged the jury as follows:

The issue which you have been sworn to try arises in a suit brought by Jackson Smith and Sarah J. Smith, for the use of Sarah J. Smith, against the borough of East Mauch Chunk. Jackson Smith is the husband of Sarah J. Smith, and he has filed a disclaimer, as we learn, of his right to recover for the loss of his wife's services. He would have had a separate right of action on that particular ground, but having filed a disclaimer he does not choose to recover upon that. If you find a verdict in favor of plaintiff, you may include his loss of services in your verdict, as part of her claim.

The plaintiff in this case claims to recover damages from this

borough, because of an accident which befell her on the 6th of October, 1892, caused, as she alleges, by the dangerous condition of a pavement in front of the Kemerer lot, in the borough of East Mauch Chunk.

She claims that on the morning of that day, about 9 o'clock, without any contributory negligence on her part—in passing over this pavement, on her way to the Lehighton Fair,—that the planks of this pavement were in such a dangerous condition, that in walking over them they either tipped or rolled over in such a way that she tripped (is the language she used), or tumbled and fell over, striking a tree in the fall; and that because of that fall she injured her little finger, and was otherwise injured on her person. She alleges that this pavement was in a notoriously dangerous condition; that it was not safe for ordinary and reasonable use, and that this borough had both actual and constructive notice of the condition of that pavement.

In order to recover, gentlemen of the jury, she must satisfy you by the weight of the evidence, that she was not negligent in walking over that pavement. She must satisfy you by the weight of the evidence that she was not guilty of contributory negligence in the least degree, before she can recover. Then she must satisfy you by the weight of the evidence that this particular pavement, in front of the Kemerer lot, where she fell, was in a dangerous condition; that it was dangerous to ordinary and reasonable use by the public; that it was observable to any one passing over it, and to the borough officers when using it. She must satisfy you, gentlemen of the jury, that the borough had notice of this dangerous condition of the pavement. That she may do, either by showing actual notice to the burgess, or by constructive notice, as we shall define it to you hereafter.

The borough is not primarily liable for the condition of the sidewalks or pavements, because the primary liability is in the owner of the lot. But the borough has a supervision over the pavements, and therefore, it is the duty of the borough to be vigilant in observation, in respect to the condition of the sidewalks and pavements of the borough. The borough is not bound to seek. The borough is not bound to go and inspect. The borough is only held to a reasonable degree of vigilance,

in the observation of defects that may exist in the pavements of the borough.

This borough is a municipal corporation, and under the law it must maintain its pavements or sidewalks in such a condition of reasonable repair as will make them safe, by day or night, for ordinary use by those who have cause to use them. Municipal corporations are not insurers against accidents. They are held to due vigilance and care. They are bound to that degree of vigilance, and to exercise reasonable supervision over their sidewalks and pavements, as will make them safe and convenient for ordinary travel. But as the first duty in relation to the sidewalks rests on the property holder, and that of the borough is secondary only, it is not liable for defects without notice, actual or implied, of their existence. It is not obliged to seek defects, but to be vigilant to observe them when they are observable to an officer exercising a reasonable supervision. Then the question is, did the borough have actual notice of the condition of this sidewalk. Or had the condition of this sidewalk existed long enough before this accident to affect the borough with constructive notice. You have heard the evidence upon both of these points. Upon the last point, as to constructive notice, you will determine from all the evidence in the case; considering the nature and character of the sidewalk; the condition it was in at the time of the accident, and the length of time it was in this condition before the accident, whether the borough had, or must be presumed to have had constructive notice or not.

To be a little more definite in reference to what constructive notice is, we say to you, that the borough owes a duty of active vigilance to the public in respect to the condition of the pavements under its control, which binds it to discover defects therein within a reasonable time, though these defects are caused by the negligence and acts of others. For practical purposes, the opportunity of knowing, in such cases, must stand for actual knowledge; and therefore, where open defects in a pavement have existed for a considerable time, notice of them is implied, and is imputed to those whose duty it is to repair them; in other words, the borough is presumed to have notice of such defects as it might have discovered by the exercise of reasonable diligence. Such notice may be imputed also where a defect,

though temporary, has been of frequent occurrence during a
long period.

Now, your first inquiry, gentlemen of the jury, in this case
will be, whether this accident was produced by the sidewalk,
under the circumstances already alluded to.    Your second
inquiry will be, did the negligence of the plaintiff, that is,
Mrs. Smith, contribute in the slightest degree to the accident
she met with.    If it did, then it matters not how negligent the
borough was, for the plaintiff cannot recover.

So that you understand me distinctly, gentlemen of the jury,
if this plaintiff was negligent in the slightest degree, in bring-
ing about this accident, she cannot recover, even though the
borough may have been negligent.    She must show a case free
from contributory negligence on her part before she can recover.
If she knew the dangerous condition of the pavement and vol-
untarily went over it, when she could take a safer route, even
though less convenient or longer, then she was guilty of contri-
butory negligence.

Now, we have said to you, gentlemen of the jury, that the
duty of keeping this pavement in proper repair was secondary
with the borough, not primary.    Therefore, before the borough
can be held liable—assuming that the plaintiff was not guilty
of contributory negligence—before the borough can be held
liable it must appear to you from the evidence, either that the
borough had actual notice of the condition of the pavement at
the time of this accident, or that the borough had constructive
notice of the condition of the pavement, as we have already
defined constructive notice to you.

Now, actual notice, gentlemen of the jury, is where notice
has been given to the burgess of the town, of the condition of
the pavement.    That is actual notice, whether he has had it
either in writing or orally.    The plaintiff in this case claims
that the borough had actual notice, because of the conversation
she had with Mr. Beighe, the burgess, a very short time after
the accident happened..    You have heard her testimony as to
what conversation she had with Mr. Beighe when she was on
her way—just after the accident.    And also the testimony of
Mrs. Eck, who was present at the time when they claim that
Mr. Beighe made the statement from which they argue the bor-
ough had actual notice of the condition of the pavement prior
to this accident.

Now, in order that you may have what was said by the plaintiff upon this particular subject, I will read to you the note of her testimony, which the reporter has given me. The question was first, "where she met Mr. Beighe" and she said, "Between Dr. Moyer's and the drug store." "Q. Who is he? A. Why, he was the chief burgess at that time. Q. You may state what was said to him? A. I said, see here what you did with your old pavement. He said, whose pavement was it? I said, I don't know, I will find out. And he said, it wasn't his pavement, he could not help it, they were told often enough. I told him it was below Berwick's. I didn't know whose it was at that time. I told him it was just below Berwick's. Q. He said, they were told often enough? A. Yes, sir. To the court: he said, why, he could not help it, they were told often enough."

Now, you will observe by that language, that it is not entirely definite and specific, but somewhat equivocal. According to her statement, Beighe said, they were told often enough. But this conversation does not define who "they" were. We therefore submit this testimony to you. Mrs. Eck substantially says the same thing, because she was by at the time. And you are to say—if you believe that to be that testimony—you are to say, from all the evidence in the case; from all you heard here as to what transpired between Beighe and this plaintiff, whether this language referred to this particular pavement or not.

Now, in that connection you will take, of course, in consideration the testimony of Mr. Beighe. Mr. Beighe denies that he used this language. We have therefore, the testimony of Mrs. Smith and Eck on one side and Mr. Beighe on the other; and you are to determine, from what you have heard in this case from these witnesses, from their manner on the stand and their interest, which you will believe.

But the plaintiff claims more. She claims that, not only was this actual notice to the borough, but she claims the borough had constructive notice of the condition of that pavement. In other words, that that pavement was in a dangerous condition, and had been so for a long time previous to this accident; and that it was observable, notorious to all who passed and repassed on the pavement.

You have heard the testimony of Mrs. Eck and Luther LaBar

and James Henritzy, as to the condition of that pavement at the time of the accident, and prior thereto. From that, the plaintiff asks, and contends that the condition of the pavement was observable, and had been in that condition for a long time previous to that time; and that the borough neglected to use that vigilance, that observation, which is necessary on the part of the borough authorities in order to keep the sidewalks in proper, safe and reasonable repair.

On the contrary, the borough has brought on the witness stand, Mr. John Beighe, Charles Kannabel, Horn, Gossner, Swartz, Bennyhoff and Moyer and Mrs. Koons, all of whom gave testimony which bears upon the condition of this sidewalk at the time of the accident. And the borough says, contends that these witnesses should satisfy you that that walk was in a reasonable condition of repair; that any defect that might have been in it was not observable; that by using the vigilance the law requires a borough to observe, it was not possible to have seen this defect.

Of course, if the defect was not observable by using ordinary care and vigilance, then the borough is not an insurer, and is not bound to go around and seek defects.

The question for you is, taking the evidence on both sides, in reference to constructive notice, as you have these witnesses here, does it satisfy you that that pavement was in a dangerous condition for ordinary use by passers-by; or was it in an ordinary, safe condition at the time. If it was in an ordinary and safe condition, not observable by the use of vigilance, the borough is not liable.

If, on the contrary, it was not in an ordinary, safe and reasonable condition, so as to be safe for passengers crossing it in an ordinary, careful way, then we say to you there may be a recovery.

Now, gentlemen of the jury, it is not in our province to enter upon any discussion of the evidence in this case. That is a matter which counsel have commented upon, and is a matter for you, purely, to determine from the evidence the facts as they have arisen in this case.

The plaintiff claims damages, by reason of these injuries, as we have already defined to you, on the part of the borough.

We have already said to you if she was guilty, in the slightest degree, of any contributory negligence, she cannot recover.

If, however, you are of the opinion, under the law and instructions. we have given you, that this plaintiff is entitled to recover, then you have in evidence the injury to her finger, and the condition in which it has been left by the injury. You may take into consideration, in your item of damages that and the direct expenses she was liable for by reason of the injury—such as the doctor bills, and her washing bill, which was extra, and service bill. Those are matters that you take into consideration. Then she claims that by reason of that accident she injured her back, and that she suffered in her abdomen on account of this injury.

We say to you, gentlemen of the jury, that if you find for the plaintiff, in estimating the damages, you may allow, not only for the direct expenses incurred by the plaintiff by reason of the injury, but also for the privation and inconvenience she is subjected to; for the pain and suffering, bodily and mental, which she experienced, and is likely to experience; as well as for the pecuniary loss she sustained and is likely to sustain during the remainder of her life, by reason of such injuries. You are not to allow, if you find damages, any interest—that is, interest from the time of the injury occurred to the present time; but in estimating your damages, if you conclude there are any, you may take into consideration the time that has elapsed between the injury and the time you render your verdict.

The plaintiff has submitted a number of points, which we will proceed to answer:

First. It is the duty of the borough of East Mauch Chunk to keep and maintain its sidewalks and pavements in a reasonably safe condition for public travel. We affirm that proposition.

Second. That if the jury find from the evidence that the pavement in question was in an unsafe condition, before and up to the time of the accident, and it remained in such dangerous condition for a long period of time before the accident; and it being the principal street in the borough of East Mauch Chunk, the borough would be visited with constructive notice of the condition thereof, and be liable for damages in the same

manner as though it had actual notice thereof.    That point we affirm, but we add : If the dangerous condition was apparent to the officers of the borough, exercising reasonable vigilance, observation, supervision and care, and if it existed long enough, notoriously, before the accident, so that the borough was affected with such notice.

Third. If the jury find from the evidence, that Sarah J. Smith met Mr. J. H. Beighe, the chief burgess, shortly after this accident had happened, and stated to Beighe: " Here you can see what I did on your old pavement," and he asked, " What pavement; " and she said, " I don't know, it was right below Berwick's ; " that he then said, " I can't help it, it is not mine, they were told often enough about it; " that that showed the borough had actual notice of the poor condition of the pavement. We affirm that proposition, if the jury find that Mr. Beighe, in this alleged conversation, referred to the pavement in question.

Fourth. That notice to the chief burgess of the borough of East Mauch Chunk, was notice to the borough.    We affirm that.

Fifth. If the jury find for the plaintiff in estimating the damages, they should allow, not only for the direct expenses incurred by the plaintiff by reason of the injury, but also for the privation and inconvenience she is subjected to, and for the pain and suffering, bodily and mental, which she experienced, and is likely to experience, as well for the pecuniary loss she has sustained and is likely to sustain during the remainder of her life, by reason of such injuries.    That point we affirm. [2]

Sixth. If the borough authorities of the borough of East Mauch Chunk failed to keep the sidewalks in a reasonably safe condition, they were negligent in the performance of their duties, and if by reason of such failure to keep the sidewalks in the borough of East Mauch Chunk, at the point where this accident happened, in a reasonably safe condition, Sarah J. Smith, the plaintiff, fell and received injuries, the borough would be liable for damages for such injury.    We affirm that proposition and add, if the unsafe condition of the pavement where this accident happened could be discovered by the borough authorities, in the exercise of reasonable vigilance, care and supervision; and if the jury find that this plaintiff was not guilty of contributory negligence in any degree.

Seventh. The positive testimony of plaintiff's witnesses, Luther LaBar, James Henritzy and Matilda Eck, that the pavement was in bad condition; that the planks were loose, that there were holes in them is entitled to more weight at the hands of the jury than the merely negative testimony of the defendant's witnesses, who simply testified that they saw no defects. We affirm that, and add: If the jury find that any of defendant's witnesses gave merely negative testimony, this would be so. This would be true, merely of negative testimony only. But the defendant here claims that most—if not all the witnesses, at least a large number of them—testified positively as to the condition of that pavement. However, we affirm that point on the ground that affirmative testimony is of greater weight than mere negative testimony on a particular question.

Defendant has also submitted a number of points to answer, which we proceed to answer.

. First. Even though the injury occurred to the plaintiff by reason of a defect in the sidewalk, the borough defendant is not liable therefor, unless it had express notice of the defective condition of the same, or unless the same was so notorious as to be evident to all persons passing thereon. We affirm that proposition.

Second. It was the duty of the plaintiff, when walking on the sidewalk, to exercise due care; if the jury believe that she didn't do so, and that her carelessness or negligence contributed, in even the smallest degree, to the accident, she cannot recover, even though the pavement was defective. We affirm that proposition.

Third. The borough is not obliged to seek defects in the sidewalk. The law only requires that it should be vigilant to observe them when they become observable to an officer exercising reasonable care. We affirm that proposition.

Fourth. In the absence of actual or implied notice of the condition of the sidewalk, the borough was not bound to examine, in order to ascertain its condition, and notice of its defective condition could not be implied if the defect could not be seen without removing the plank and making an examination; and in the absence of notice the borough was not bound to do this. We affirm that proposition.

Fifth. There is no such evidence of actual or constructive notice of the dangerous condition of the sidewalk as would render the borough liable for the injury occurring thereon, and the verdict should be for the defendant. We negative that proposition, because then we would be obliged to take this from your consideration. That is a matter entirely for you under the evidence. [3]

Sixth. If the injury was caused to the plaintiff by her carelessness, she cannot recover, and the verdict should be for the defendant. We affirm that proposition.

Now, gentlemen of the jury, there is no dispute here but what this lady met with an accident on October 6, 1892, where this pavement is in front of Kemerer's lot. That is not disputed by either side, that she had a fall there and by reason of that fall she did injure her finger—although the defendant here claims that the evidence does not show that she was injured in her person, viz: her back and abdomen. That is as we understand their contention. But the fact that her finger was injured in the manner described, that is not disputed here.

The first question which you are to meet when you get to the jury box is the inquiry, did this accident result from the negligence of the borough, as we have already defined it to you? Then if it did, the next inquiry is, did the plaintiff's negligence contribute, in the slightest degree, to this accident?

If the borough was negligent, and yet she was negligent in the slightest degree, she cannot recover.

Something was brought out in the evidence as to the manner in which she passed over the pavement—as to the speed. She said she went in an ordinary way. One of the witnesses described it: "She was short of person and stout and moved quickly," or words to that effect. Did that evidence amount to contributory negligence? This witness says she did not know the condition of the pavement before, was ignorant of its condition; that she lived on the opposite side of the street; that she went across to meet Mrs. Eck to go with her to the fair; and that she went with her; that she was a step or two ahead of Mrs. Eck and the girl, and that passing over this place with ordinary care, this accident happened.

If the borough was not negligent she cannot recover. If the

borough was negligent, and she was negligent also, and her negligence contributed in the slightest degree to the accident, she cannot recover.

Now, gentlemen of the jury, we have given you the law, as we understand it, in this case. We have answered these points, and you have heard the evidence and comments of counsel. It has taken a great deal of time, necessarily, because quite a number of facts were under investigation. You will render such a verdict as you think is right and just between this plaintiff and defendant, under the instructions we have given you.

Verdict for plaintiff for $750. Defendant appealed.

*Errors assigned* were (1) in admitting on cross-examination of Frank Swartz, defendant's witness, the following evidence: " Q. You are of opinion that no board pavements are any good? A. Yes, sir, I am of that opinion. Q. And that they become poor and dilapidated· in a short time ? A. Yes, sir;" (2) in affirming plaintiff's fifth point; (3) in refusing defendant's fifth point; (4) the amount of verdict was excessive; (5) in not granting a new trial, for the following reason : One of the jurors, John Sittler, slept in the jury box a considerable portion of time during the trial, and while testimony of witnesses was being given, and upon the public street during the progress of the trial, made public statement about the trial, which showed that he had prejudged the case, the statement so made, being: " I knew enough about it·long ago. If I did sleep, that is all right. I don't want to know any more about it."

*J. S. Fisher*, for appellant.—The borough is not obliged to seek for defects in a sidewalk. The law only requires that it shall be vigilant to observe them when they become observable to an officer exercising reasonable care : Lohr v. Phillipsburg Borough, 156 Pa. 246 ; Duncan v. City of Philadelphia, 173 Pa. 550.

Where there is nothing in the testimony to justify an inference made in the charge, the same will be held misleading in that respect, and prejudicial to the appellant: Kelly v. Eby, 141 Pa. 176 ; Railroad Co. v. Alvord, 128 Pa. 42.

For a defect arising in a sidewalk of a municipal corporation, without its fault, it is not liable, unless it has express notice, or

the defect is so notorious as to be evident to all passers : Lohr v. Phillipsburg Borough, 156 Pa. 246 ; Burns v. City of Bradford, 137 Pa. 361.

*Horace Heydt,* with him *Wm. G. Freyman* and *E. O. Nothstein,* for appellee.—In Howser v. Commonwealth, 51 Pa. 341, WOODWARD, Chief Justice, says : " as to the overruling of the motion for a new trial it is not a proper subject for an assignment of error. The discretion of the court is not reviewable here."

OPINION BY WILLARD, J., February 16, 1897 :

Persons using the streets and sidewalks of a borough at the present day are entitled to have them kept in such order and repair as to be safely used, and it is the duty of the proper officials of a borough to see that this duty to the public is performed so that persons may travel the streets without danger to life or limb. That this duty in many cases is unperformed is apparent from the number of cases in our courts for damages for injuries caused by the neglect of those entrusted by the people with the care and supervision of streets and sidewalks.

In the case before us, the plaintiff was injured on Centre street in the borough of East Mauch Chunk while walking upon a sidewalk where she had a right to be. As to the condition of the sidewalk at the point where the plaintiff was injured there was evidence that the stringers were decayed. In the language of one witness, they " were all rotted down to the ground where the planks were loose." There was other evidence that the planks were loose and in bad condition. The plaintiff testified that by reason of the rolling of one of the loose planks she was thrown over against a tree and sustained injuries fully described by her in her testimony, and by the physician who dressed her wound and afterwards attended her. There was sufficient evidence of the unsafe condition of the sidewalk to carry that question to the jury.

There was also evidence that prior to the injury the appellant had actual notice of the condition of the sidewalk. Notice to the chief burgess is sufficient: Fee v. Columbus Borough, 168 Pa. 382. In his testimony the burgess says, " I knew the sidewalk was not as good as it ought to be." From this evidence of the burgess himself in connection with the other evidence in the case the jury had the right to conclude that it was

not safe and that he knew it.    There is also evidence that the burgess lived within two hundred and ten feet of this sidewalk and frequently passed over it; also, that immediately after the accident, in a conversation with the plaintiff, the burgess used language indicating previous knowledge on his part of the condition of the sidewalk.    Mrs. Smith testified, "I said, see here what I did on your old pavement.    He said, whose pavement was it?    I said, I don't know, I will find out.    And he said, it wasn't his pavement, he couldn't help it.    They were told often enough."    Although Mr. Beighe (the burgess) denies this in his testimony, Mrs. Smith was fully corroborated by another witness.    This testimony, its meaning and effect, was for the jury on the question of actual notice.

The accident happened on October 6, 1892.    Matilda Eck, a witness, testified that she moved to East Mauch Chunk in June 1891.    According to her testimony, the sidewalk in front of the Kemmerer lot was then out of order, the planks loose, and that it so continued to the time of the accident.    Her testimony, together with that of Luther LeBar and other witnesses, compelled the court to submit the question of constructive notice of the condition of the sidewalk to the jury.

The opinion of the witness, Swartz, as to board sidewalks, elicited on his cross-examination by the plaintiff's counsel, as explained by the witness himself, was more favorable to the defendant than plaintiff, and was in fact but a reiteration of the same opinion previously brought out on the cross-examination of the same witness by defendant's counsel when on the witness stand for the plaintiff.

The charge of the court on the elements of damage to be considered by the jury in arriving at their verdict, was in familiar language sanctioned as a correct rule by our Supreme Court in repeated decisions.

The amount of the verdict and the conduct of the juror assigned for error in the fourth and fifth specifications were proper questions for review in the court below on the rule to show cause why a new trial should not be granted.    Thirty-five pages of testimony were taken and submitted to the court on the hearing.    The rule was discharged by the trial judge, we presume, for good and sufficient reasons, and we do not propose to disturb the verdict.    The specifications of error are all overruled and the judgment affirmed.