## John Ryan, by his next friend, Elizabeth Ryan, Appellant, *v.* Albert A. Ardis.

*Negligence—Negligent trimming of trees—Sidewalk—Nonsuit.*

In an action to recover damages for personal injuries sustained by being struck by the limb of a tree which the defendant and his workmen were trimming, it is error to enter a nonsuit where the plaintiff's testimony tended to show that he did not notice the men at work as he passed on the sidewalk under the tree; that no attempt had been made to rope off the pavement upon which the tree stood, and no warning had been given him of the danger.

*Negligence—Contributory negligence—Province of court and jury.*

Whether in an accident case plaintiff was or was not guilty of contributory negligence must be inferred from all the facts and circumstances disclosed by the testimony; and such inferences of fact are for the jury and not for the court.

Argued Jan. 18, 1899. Appeal, No. 319, Jan. T., 1898, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1897, No. 432, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Trespass for personal injuries. Before BIDDLE, P. J.

At the trial it appeared that on July 22, 1897, plaintiff was injured by being struck by a limb which defendant and his workmen cut off while engaged in trimming a tree. The evi-

dence on behalf of the plaintiff tended to show that he went upon the sidewalk under the tree without noticing the workmen; that no attempt had been made to rope off the pavement upon which the tree stood, and no one had been stationed to warn pedestrians of the danger. One of the witnesses for the plaintiff testified that any one walking on the street could have seen what was going on if he had looked. He, however, testified that he did not see the plaintiff passing. The court entered a compulsory nonsuit without stating any reasons therefor, and subsequently discharged the rule to take off the nonsuit.

*Error assigned* was refusal to take off the nonsuit.

*Isaac Hassler*, with him *Henry W. Scarborough*, for appellant.—There is no sufficient evidence to hold as a matter of law that plaintiff could have seen the danger by the exercise of reasonable care: Kohler v. Penna. R. Co., 135 Pa. 346.

Inferences from the facts are for the jury: Vannatta v. Cent. R. R., 154 Pa. 202; Davidson v. Ry. Co., 171 Pa. 522; Ely v. Ry., 158 Pa. 233; Merriman v. Phillipsburg Borough, 158 Pa. 78; Beach on Contributory Negligence, sec. 36.

The question whether the plaintiff did see, or ought reasonably to have seen the danger, when he says he did not see, and there is no clear evidence that he could have seen, is for the jury: Bloomsburg Steam Co. v. Gardner, 126 Pa. 80; Forker v. Sandy Lake Boro., 130 Pa. 123; Readdy v. Shamokin, 137 Pa. 92; Biggs v. West Newton Boro., 164 Pa. 341; Chilton v. Carbondale, 160 Pa. 463; Fee v. Columbus, 168 Pa. 382, Mechesney v. Unity Twp., 164 Pa. 358; Ringrose v. Bloomsburg, 167 Pa. 621; Campbell v. York City, 172 Pa. 205; Jones v. Penna. Canal Co., 178 Pa. 123; Smith v. New Castle, 178 Pa. 298; Douglass v. Water Co., 172 Pa. 435; Schively v. Jenkintown, 180 Pa. 196; Fredericks v. Northern Cent. R. R., 157 Pa. 103; Dickson v. Hollister, 123 Pa. 421.

No paper-book was filed or argument offered for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Feb. 20, 1899:

This appeal is from the refusal of the court to take off the judgment of nonsuit entered on the trial of an action for per-

sonal injuries alleged to have been caused by the defendant's negligence. No reason of record appears to have been given by the learned court in support of the action complained of, nor does the testimony introduced by the plaintiff disclose any sufficient ground therefor. On the contrary, the evidence was quite sufficient to carry the case to the jury on questions of fact, which, if determined in plaintiff's favor, would have entitled him to a verdict. The nonsuit cannot be sustained on the ground that the evidence was insufficient to warrant the jury in finding that the defendant's negligence was the proximate cause of plaintiff's injury. While there may be some evidence from which a jury might possibly infer that the plaintiff himself was not wholly free from contributory negligence, it is not of such a character as to justify the court in holding as matter of law that he was guilty of any negligence that contributed to his injury. At best, the evidence referred to is barely sufficient to warrant submission of the question to a jury. Whether the plaintiff was or was not guilty of contributory negligence must be inferred from all the facts and circumstances disclosed by the testimony, and such inferences of fact are for the jury and not for the court: Merriman v. Phillipsburg Borough, 158 Pa. 78; Borough of Easton v. Neff, 102 Pa. 474.

It is unnecessary to refer in detail to the testimony introduced by the plaintiff. It evidently tended to sustain his claim, and clearly involved questions of fact which were for the determination of the jury. We are all of opinion that there is nothing in it to justify the court in refusing to take off the judgment of nonsuit.

_Judgment_ reversed and procedendo awarded.