Templeton, Appellant, *v.* Warriorsmark Township.

200      165
29 SC   582

*Negligence— Township—Defective road—Charge of court—Contributory negligence.*

In an action against a township to recover damages for personal injuries caused by the overturning of a large sleigh at a point where a public road was defective, it is reversible error for the trial judge to suggest to the jury that the plaintiff may have been guilty of contributory negligence in joining the sleighing party on the night in question.

Argued April 24, 1901. Appeal, No. 305, Jan. T., 1900, by plaintiff, from judgment of C. P. Huntingdon Co., Feb. T., 1899, No. 11, on verdict for defendant in case of Alice B. Templeton v. The Township of Warriorsmark. Before Mc-Collum, C. J., Mitchell, Fell, Brown and Potter, JJ. Reversed.

Trespass to recover damages for personal injuries. Before Bailey, P. J.

At the trial it appeared that on January 25, 1897, plaintiff with a number of others started from Tyrone between half past seven and eight o'clock in the evening in a large sled drawn by four horses for the purpose of going to Jessie Fisher's house on an excursion for pleasure. At a certain point in the road the sled was overturned by reason of an abrupt bank about seven and one half feet high. There was no guard rail or other barrier to prevent vehicles from going off the road.

The court charged in part as follows :

[It is not disputed that the plaintiff with Howard Templeton,

who is now her·husband, on Sunday, the day previous to the accident, drove over this road in a sleigh, the whole distance from Tyrone to Fisher's and returned again the same day by same road. It was then in the same condition as on the night of the accident. It is presumed that she saw the character and condition of the road, that it was narrow, covered with ice and unprotected with guards. Knowing of its dangerous condition, if it were dangerous, as claimed, was she, gentlemen, or was she not, guilty of contributory negligence in joining this pleasure party on the succeeding night, which is described to have been a dark and stormy night, with the snow blowing and drifting, and attempting to pass over this road in a sled that was sixteen feet long, four feet and eight inches high from the roadbed to the seats, occupied by eighteen persons, drawn by four horses, driven with check lines by a driver sitting in the sled, knowing that the road alleged to be dangerous was on the hill known as Shoenberger hill or close to it? If she had not voluntarily made herself a member of this sledding party, she would not have received the injury she complains of. Now, gentlemen, was she guilty of negligence under such circumstances, in attempting to pass over this road on the night of the accident? If you find that she was, then she cannot recover from the township any damages for her injury, however severely she was hurt on that trip.] [4]

 Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was (4) above instruction, quoting it.

*W. H. Woods* and *C. O. Templeton*, of *Hicks & Templeton*, with them *J. S. Woods* and *A. V. Dively*, for appellant.

*W. M. Henderson* and *Thomas F. Bailey*, for appellee.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

The charge of the learned court below is a very careful and discriminating statement of the law, applicable to the facts of the case, with the exception of that portion which is assigned as the subject of the fourth specification of error. Here inadvertently, no doubt, the doctrine of contributory negligence was carried to a limit which is perhaps extreme.

It was suggested to the jury that the plaintiff may have been guilty of contributory negligence in joining the party upon the night in question, in a sleigh ride over a public highway.   The jury were told that " if she had not voluntarily made herself a member of this sledding party, she would not have received the injury she complains of.   Now, gentlemen, was she guilty of negligence, under such circumstances, in attempting to pass over this road on the night of the accident?   If you find that she was, then she cannot recover from the township any damages for her injury, however severely she was hurt on that trip."

It is true that it was left to the jury to say whether or not it was negligence for the plaintiff to attempt to travel upon the public highway at the time and place, and under the circumstances ; but the suggestion was put so forcibly by the court that we feel that it may have had undue weight in determining the action of the jury.   The mere fact of passing over the public highway was not, in itself, sufficient grounds upon which to predicate contributory negligence.   To do so would be going rather farther than the doctrine of any of our cases will warrant.

The negligence charged against the defendant was confined to its action with respect to the particular portion of the highway where the accident happened.   The plaintiff could only be charged with such negligence as co-operated with that of the defendant to produce the accident.   It must, therefore, be confined proximately to the time and place of the accident.   It was going too far back in the sequence of events to suggest to the jury that, if the plaintiff had not voluntarily made herself a member of the sledding party, she would not have received the injury.   The statement is true, as a matter of course, but it is tantamount to saying that, if she had not been present at the time of the accident, she would not have been hurt.

We feel that the fourth specification of error must be sustained.   None of the other specifications need discussion.   The judgment is reversed, and a venire facias de novo is awarded.