# Walton *v.* Colwyn Borough, Appellant.

*Negligence—Borough — Defective  sidewalk — Contributory  negligence— Question for jury.*

In an action against a borough to recover damages for personal injuries caused by a fall on a defective sidewalk, the evidence tended to show that the accident occurred about eight o'clock in the evening, when it was quite dark, and the pavement was lighted only by a coal oil lamp, enclosed in a glass case and placed upon a post about ninety feet distant.    The sidewalk consisted of a paved way four feet in width which was located within the space between the curb and building line.    On the inner side of this paved way there protruded above the level of the pavement an obstruction called a valve or water-box four inches in diameter and so placed as to be four inches from the inner edge of the paved way.    Plaintiff was walking upon this paved way, holding her daughter, aged twelve years, by the hand, when her right foot struck the water-box and she was thrown to the ground and injured.    It appeared that both the borough and the owner of the sidewalk had knowledge of the defect, and that the plaintiff herself knew in. a general way of the location of the obstruction.    She, however, testified that she did not see it the evening of the accident on account of the dim light.    *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 21, 1901.    Appeal, No. 254, Oct T., 1901, by

defendant, from judgment of C. P. Delaware Co., March T., 1900, No. 241, on verdict for plaintiffs, in case of Stanley Walton and Alice V. Walton, his Wife, v. The Borough of Colwyn. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

The court refused to give binding instructions for defendant, and submitted the case to the jury.

Verdict and judgment for Stanley Walton for $262.75 and for Alice V. Walton for $473.05. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*V. Gilpin Robinson,* for appellant, cited: Hentz v. Somerset Borough, 2 Pa. Superior Ct. 225; Dehnhardt v. Philadelphia, 15 W. N. C. 214; Fleming v. City of Lock Haven, 15 W. N. C. 216; Haven v. Pittsburg, etc., Bridge Co., 151 Pa. 620; Smith v. New Castle, 178 Pa. 298; Boyle v. Mahanoy City, 187 Pa. 1; Burns v. Bradford City, 137 Pa. 361.

*George T. Butler,* for appellee, cited: Merriman v. Phillipsburg Borough, 158 Pa. 81; Borough of Easton v. Neff, 102 Pa. 478.

OPINION BY ORLADY, J., January 21, 1902:

A verdict was recovered against the defendant for injuries sustained by Alice V. Walton from tripping over a projecting water box, which was within a pavement in front of the property of L. B. Milson in the defendant borough. The accident occurred about eight o'clock in the evening, when it was quite dark, and the pavement was lighted only by a coal oil lamp, enclosed in a glass case, and placed upon a post about ninety feet distant. The sidewalk consisted of a paved way four feet in width which was located within the space between the curb and building line. On the inner side of this paved way there protruded above the level of the pavement an obstruction called

a valve or water box, four inches in diameter and so placed as to be four inches from the inner edge of the paved way. Mrs. Walton was walking upon this paved way, holding her daughter aged twelve years by the hand, when her right foot struck the water box and she was thrown to the ground.

It was clearly established on the trial that, at a meeting of the borough council sometime prior to the accident, the chairman of the footwalk committee had made a report in which he stated that there were several of these boxes sticking up around the borough, and that he had turned to the owner of the property abutting upon the defective pavement involved in this issue, and said, " Mr. Milson has one sticking up in his pavement ; " and it was also established that the abutting owner knew of its condition for six months previous to the accident, and that knowledge, as well as actual notice, was brought directly to both parties charged with the duty of removing the obstruction. The principal contention of appellant was directed to the second assignment of error, in which the alleged contributory negligence of Mrs. Walton is raised. The defendant's first point was, " If the jury believe the testimony of the plaintiffs and their witnesses upon the point that Alice V. Walton was frequently over the walk, and the defect of which she complains was open, notorious and plainly to be seen, and they believe that by taking the street or going over upon the sidewalk she could have gone around the place where she fell and would have reached her destination in safety, then she would be guilty of contributory negligence and cannot recover, and the verdict should be for the defendant," which was answered as follows : " If the jury believe that the plaintiff in passing this obstruction used ordinary care, care according to the circumstances, she was not guilty of contributory negligence and the point is declined, otherwise, if she did not use care according to the circumstances."

It is conceded, or so clearly proved that it may as well be, that Mrs. Walton received her injuries at the exact place which the borough had provided for her use. Although the whole width of four feet was designed for the use of persons traveling on foot by day and night, and was reasonably necessary for two persons walking abreast, it was inexcusably narrowed over eight inches through the combined negligence of the borough and

abutting owner. The testimony discloses the grossest careless-ness on the part of the borough. From her testimony the ob-struction was not " open, notorious and plainly to be seen" at the time the accident happened, but on the contrary it would require search in order to be seen at all. It would be a harsh application of the decisions defining contributory negligence to hold that such a slight and unconscious deviation from a straight line by a woman of her age when walking on a dimly lighted street, with her attention naturally divided between the care of her own steps and of the child accompanying her, should bar a recovery despite the manifest disregard of duty by the borough and abutting owner. She was subjected to a confus-ing cross-examination, and though some of her answers were lacking in clearness, the jury had the advantage of observing her manner and of giving a proper estimate to her credibility and testimony. She admitted that she knew in a general way of the location of this obstruction from the time the pavement was laid (six months previous) and stated : " I then thought it was in a queer place—it ought to be outside of the curb and not in the four-foot path. It never impressed me as danger-ous,—didn't think anything about it, it was perfectly safe to walk there." She further stated positively that she did not see it the evening of the accident on account of the dim light, and also as follows, " If I had thought, and got down and hunted for it I might have found it." The obstruction was not appar-ent in the dark, and having the added responsibility of the care of her child, " She could scarcely be expected to keep up so careful a lookout for defects in the pavement as an ordinary foot passenger entirely unincumbered : " Nicholson v. Phila-delphia, 194 Pa. 460 ; Allen v. DuBois Borough, 181 Pa. 184. The presence of the child did not relieve her from exercising care, but it was an element for the jury in determining the de-gree of care she would be reasonably expected to exercise un-der the circumstances.

It is quite as difficult to give a satisfactory definition of con-tributory negligence as to define negligence, and of this an eminent text writer says : " The theorists, the text writers, and the judges have alike stumbled over the definition of this term, and nothing generally satisfactory has ever been proposed, from which it may be safe to conclude that it is impossible to define

it with such scientific accuracy as to embrace and conclude all the possibilities:" Beach on Contributory Negligence, sec. 4. Two questions are always prominent in such cases: Did the plaintiff exercise ordinary care under the circumstances? And was there a proximate connection between the act or omission and the injury complained of?

In this case the appellant's contention virtually amounts to this,—that if the plaintiff had exercised extraordinary care, or had not been guilty of slight negligence, the accident would not have happened. This is not the rule, the law prevents a recovery when the plaintiff fails to exercise ordinary care under the circumstances and when that omission of duty contributes to the injury. It is very plain that ordinary diligence and care is that measure of care and diligence ordinarily employed in a given matter; what measure of care is ordinarily employed is a question to be determined from the evidence: Zell v. Dunkle, 156 Pa. 353. It is a relative and not an absolute term, and the degree of care which it is necessary to use in any given case should be that which a discreet and cautious person would, or ought to use if the whole risk or loss were to be exclusively the plaintiff's. For instance, " To walk within six inches of the curbstone of a sidewalk is not careless; but to walk as near the edge of a precipice is the act of a madman."

Culpable negligence is the omission to do something which a reasonable, prudent and honest man would do, or the doing of something which such a man would not do, under all the circumstances surrounding the particular case: Johnson v. West Chester & Philadelphia R. R. Co., 70 Pa. 357. In Fee v. Columbus Borough, 168 Pa. 382, a case similar in many respects to this one, it was held to be a proper presentation of the law to charge the jury, viz: She was not bound to the exercise of extraordinary care ; but she was bound to use such care as a person of ordinary prudence, situated as she was, under like circumstances would use, and if she neglected that, it would be negligence. The case of Hentz v. Somerset Boro., 2 Pa. Superior Ct., 225, differs from this one in that the defect in the pavement affected its whole width, and was at a street crossing, " Where travelers are bound to expect the continuity, if not the level of the pavement to be broken." In that case the defect was manifest and well known to be dangerous, in this one, the

defect was not manifest and was not recognized as dangerous except at night when it could not be observed.

The plaintiff's evidence was fully as convincing as in Borough of Easton v. Neff, 102 Pa. 474, and Merriman v. Phillipsburg Borough, 158 Pa. 78, in which cases the Supreme Court says: "She was bound to use such care as a prudent person would have used under such circumstances. . . . For this reason the question of contributory negligence was peculiarly for the clear and free exercise of the judgment of the jury, under proper instructions from the court. . . . If those whose duty it is to keep public highways in a reasonably safe condition for public use were properly dealt with and adequately punished for their negligence, there would be fewer nuisances and man traps maintained in public streets and highways." Whether the plaintiff was or was not guilty of contributory negligence must be inferred from all the facts and circumstances disclosed by the testimony, and such inferences of fact are for the jury and not for the court: Ryan v. Ardis, 190 Pa. 66.

Viewed in the light of the defendant's first point and its answer, the verdict in the plaintiff's favor necessarily implies a finding by the jury that Mrs. Walton "in passing this obstruction used ordinary care, care according to the circumstances," and hence was not guilty of contributory negligence: Mintzer v. Hogg, 192 Pa. 144.

The case of Conrad v. Upper Augusta Township, 200 Pa. 337, does not fairly apply to the present one. The conditions are entirely different, the one a country road, the other a borough sidewalk, and the degree of care required in that case would practically prohibit the use of pavements in a borough after nightfall. The substitution of electric and oil street lighting in boroughs and cities for the old style lantern, carried by pedestrians, naturally inspires some confidence in the modern methods, and while that is often misplaced, yet it is for the jury to decide whether it should be entirely ignored, and whether those who are obliged to be out after the curfew hour should resort to the primitive safeguards as a reasonable precaution when using the pavements of a municipality.

The question of Mrs. Walton's contributory negligence under the circumstances was for the jury, and was fairly submitted to them. In order to justify the court in treating the

question of contributory negligence as one of law, not only the facts but the inferences to be drawn from them must be free from doubt. If there is doubt as to either, the case must go to the jury: Elston v. Delaware, etc., R. R. Co., 196 Pa. 595; Allen v. Warwick Township, 9 Pa. Superior Ct. 507; Wilson v. O'Hara Township, 14 Pa. Superior Ct. 258.

The judgment is affirmed.