## Milliren *v.* Sandy Township, Appellant.

*Negligence—Townships—Defective road—Notice—Contributory negligence —Province of jury.*

In an action by a woman against a township to recover damages for personal injuries, the evidence showed that at the time of the accident plaintiff was riding in a wagon by the invitation of the owner. She was seated on a high spring seat near the front of the wagon, and she testified that she was holding on to the back of the seat and exercising due care. While thus seated one of the wheels of the wagon dropped into a rut or hole in the road, and plaintiff was thrown out and injured. It did not appear that plaintiff had knowledge of the condition of the road ; but the road had been in a bad condition for such a period of time, as to amount to constructive notice to the supervisors. *Held,* that the question of negligence and contributory negligence was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 26, 1905. Appeal, No. 190, Oct. T., 1905, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1904, No. 402, on verdict for plaintiff in case of Hannah Milliren and J. J. Milliren v. Township of Sandy. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SMITH, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $827.50. Defendant appealed.

*Errors assigned* were various instructions.

*W. C. Pentz,* and *Singleton Bell,* with them *Howard B. Hartswick,* for appellant, cited : Lohr v. Philipsburg Borough, 156 Pa. 246 ; Dehnhardt v. Philadelphia, 15 W. N. C. 214 ; Bishop v. Schuylkill Twp., 20 W. N. C. 105 ; Brendlinger v. New Hanover Twp., 148 Pa. 93 ; Snyder v. Penn. Twp., 14 Pa. Superior Ct. 145 ; Smith v. Jackson Twp., 26 Pa. Superior Ct. 234 ; Cresent Twp. v. Anderson, 114 Pa. 643 ; Decker v.

East Washington Borough, 21 Pa. Superior Ct. 211; Selkers
v. Union Traction Co., 21 Pa. Superior Ct. 5; Mauch Chunk
Borough v. Kline, 100 Pa. 119.

*A. L. Cole,* of *Cole & Kuntz,* for appellee.

OPINION BY MORRISON, J., December 10, 1905:

Hannah Milliren and J. J. Milliren, her husband, brought
an action in trespass against Sandy township, to recover dam-
ages for an accident that happened to Hannah on June 23,
1904, while traveling from Du Bois to visit her mother at
Rathmel, on one of the public roads of the township. While
walking along this road, she was overtaken by a young man
named Keagle, driving in a light wagon, with a load of feed,
and he invited her to ride with him. He sat on a high spring
seat near the front of the wagon and Mrs. Milliren took a seat
beside him. They soon came to a piece of bad road and the
evidence tends to show that either the right or left fore wheel of
the wagon dropped into a rut or hole in the highway, and Mrs.
Milliren was either thrown or jumped out of the wagon and
broke her left arm. She testifies that the right wheel dropped
into the hole and that she was thrown out on that side, but
Keagle says positively it was the left wheel that dropped into
the hole and that she went out over that wheel. The case was
thoroughly and carefully tried before the court and a jury and
separate verdicts rendered in favor of each plaintiff and judg-
ments being entered thereon, the defendant appealed.

The action in favor of the husband and wife and the verdicts
and judgments are in correct form : Act of May 8, 1895,
P. L. 54.

The important questions before the court were : 1. The neg-
ligence of the defendant. 2. The contributory negligence of
Mrs. Milliren. 3. The measure of damages.

A careful examination of the evidence, the charge of the
court and the answers to the numerous points presented, con-
vinces us that there was sufficient evidence to carry the case
to the jury, as to the bad condition of the road and the notice
to the supervisors, both actual and constructive. The evi-
dence was not very strong as to actual notice, but there was
sufficient evidence that this road had been badly out of re-

582 MILLIREN *v.* SANDY TOWNSHIP, Appellant.

Opinion of the Court.          [29 Pa. Superior Ct.

pair for such a length of time that the supervisors ought to have known of its condition and to have repaired it and if the jury so found this amounted to constructive notice. We do not say that the evidence required the jury to so find but it was sufficient to carry the question to the jury and the learned court submitted it in a careful and adequate charge.

But it is earnestly contended by the learned counsel for the appellant that the plaintiffs could not recover on account of the contributory negligence of Mrs. Milliren, and that the court erred in not giving a binding instruction to the jury to that effect. We cannot adopt this theory under the evidence in the case. Certainly this woman had a right to travel upon this road and it does not appear that she had any notice of its bad condition, except what she could see as she was approaching the place of the accident. It was a much traveled road and she had no notice or knowledge that it was dangerous. It is urged that it was contributory negligence for her to ride in the high spring seat. This may be so and possibly the jury ought to have so found, but a careful consideration of all the evidence leads us to a satisfactory conclusion that this question was for the jury. If she was sitting in the spring seat and holding to the back of it as she alleges and exercising proper care, she cannot be charged with contributory negligence, as a matter of law, because one of the front wheels of the wagon dropped into a rut or hole and threw her upon the ground. We are not satisfied that the evidence required the jury to find that she was free from contributory negligence, and, indeed, the writer is of opinion that the jury might well have found against her on this ground. It appears that the team or horse was being driven on a walk and I am not satisfied that if she had been using her eyes in observing the condition of the road, and exercising such care as she ought to have exercised, she would have been thrown out of the seat or compelled to jump therefrom. But under the evidence this question was not for the court, the law required it to be referred to the jury, and there is sufficient evidence to support the verdict to the effect that she was free from contributory negligence. Upon the question of contributory negligence and when it is for the jury, see Musselman v. Hatfield Borough, 202 Pa. 489; Templeton v. Warriorsmark Township, 200 Pa. 165; Baker v. Irish, 172 Pa.

528 ; Potter v. Gas Co., 183 Pa. 575 ; Ryan v. Ardis, 190 Pa. 66; Walton v. Colwyn Borough, 19 Pa. Superior Ct. 172; Polenske v. Lit Bros., Appellants, 18 Pa. Superior Ct. 474.  We might cite a long line of cases upon this question but it is unnecessary. We are without doubt that the court was bound, under the law and the evidence, to refer the questions of negligence of the defendant and contributory negligence of Mrs. Milliren to the jury.  And failing to find any serious error in the record, we cannot do better than to close this discussion by a quotation from Sheridan v. Palmyra Township, 180 Pa. 439, where Mr. Justice WILLIAMS said (p. 444) : " The question of negligence was for the jury and was properly submitted to them.  So also was the question of contributory negligence on the part of the deceased.  The case was well tried by the learned judge of the court below, and the judgment is affirmed."  No exception is taken to the instruction of the court upon the measure of damages.

The assignments of error are all dismissed and the judgments affirmed.