## Hedricks v. Schuylkill Township.

*Negligence—Province of court and jury—Binding instructions for defend-
ant.*

To justify the court in giving binding instructions to find for the defend-
ant, two conditions must concur: (1) the controlling facts must be estab-
lished beyond doubt; (2) their effect, in the conclusions to which they
lead, must be so clear and unquestionable that it may be judicially declared.

*Negligence—Townships—Deposit of material on public road—Province
of court and jury.*

In an action against a township to recover damages for injuries to a
horse, the case is for the jury, and a verdict and judgment for plaintiff will
be sustained where the evidence tends to show that a water company had
excavated a trench along the highway at the point where the accident oc-
curred, and had deposited earth and stones on the roadbed; that this work
had been done under the control and general direction of one of the super-

visors; that the earth and stones had been thrown over the whole highway; that shortly before the accident occurred there was a heavy rain fall; that the plaintiff at the time of the accident was driving over the road with a hay press weighing about 4,000 pounds, drawn by three horses, and that owing to the soft condition of the surface of the road, the wheels of the hay press sank into the mud, and that one of the horses was permanently injured in the struggle to extricate the hay press.

Argued Nov. 20, 1900.   Appeal, No. 58, Oct. T., 1900, by defendant, from judgment of C. P. Chester Co., Jan. T., 1900, No. 3, on verdict for plaintiff, in case of William L. Hedricks v. Schuylkill.Township.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass to recover damages for injuries to a horse.   Before HEMPHILL, P. J.

At the trial it appeared that between four and five o'clock on August 18, 1899, plaintiff was driving a hay press weighing about 4,000 pounds drawn by three horses, along a public road in Schuylkill township.   At this time the Berwyn Water Company was excavating a trench along the road, and had thrown earth and stone over the roadbed, making a deposit variously estimated by different witnesses as from six to thirty inches in depth.   The work was under the control and general supervision of one of the supervisors.   About three o'clock on the day of the accident a severe thunderstorm and heavy rain took place, stopping work on the trench.   Plaintiff introduced testimony which tended to show that at the point where the accident occurred, the surface of the road had become soft, and that the wheels of the hay press sank into the mud, and that in the struggle to extricate it, one of his horses was permanently injured.   The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $52.54.   Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*H. H. Gilkyson*, for appellant.—The case was not for the jury: Davis v. Corry City, 154 Pa. 598.

Plaintiff's remedy is against the Berwyn Water Company, and not the township of Schuylkill: Hansom v. Warren Bor-

ough, 22 W. N. C. 133; Mattimore v. Erie City, 144 Pa. 14; Davis v. Corry City, 154 Pa. 598.

The law gives to municipalities a reasonable length of time within which, by the exercise of proper care on their part, to discover the presence of any defect: Aiken v. Philadelphia, 9 Pa. Superior Ct. 502; Fitzpatrick v. Darby Borough, 184 Pa. 645; West Chester Borough v. Apple, 35 Pa. 284; Menner v. Del. & Hudson Canal Co., 7 Pa. Superior Ct. 135; Eardley v. Keeling & Ridge, 10 Pa. Superior Ct. 339.

*C. Wesley Talbot*, for appellee, cited Gates v. Watt, 127 Pa. 20, and Hill v. Nation Trust Co., 108 Pa. 3.

OPINION BY ORLADY, J., March 19, 1901.

To justify the court in giving binding instructions to find for the defendant two conditions must concur: (1) the controlling facts must be established beyond doubt; (2) their effect, in the conclusions to which they lead, must be so clear and unquestionable that it may be judicially declared: Menner v. Del. & Hudson Canal Co., 7 Pa. Superior Ct. 135; Eardley v. Keeling & Ridge, 10 Pa. Superior Ct. 339. A careful examination of the evidence convinces us that such instruction should not have been given in this case. It may be, and doubtless was, a fact that the heavy downfall of rain was an important cause in producing the condition of the road of which the plaintiff complains. Although the supervisors were in no way responsible for such a cause, the testimony clearly shows that they directed and controlled the placing of the earth and stones on the roadbed and must have known that an ordinary rainfall would produce a condition similar to that which the jury has said caused this accident. Whether the deposit on the roadway was six or thirty inches in depth, as testified to by several witnesses, was a fact for the jury alone. The work was not done in grading or repairing the public road as such; and whether the water company was negligent in depositing this amount of earth and stone over the whole surface of the roadbed, under the supervision of the township authorities, without preserving a part of the roadway for use by the public and without requiring the maintenance of drains to carry off the normal rainfall and prevent the superimposed materials from making the road unsafe

for public use, was for the jury to determine.   The supervisor
(Mr. Gill) had control of the work which was being done for
uses not connected with the maintenance of the highway, and
although the evidence does not clearly connect him with the
work done at the identical spot where the horse was injured, it
does show that he was frequently on the ground to direct the
manner of doing the work, and that the ditch, embankment
and distribution of earth and stone all along the road was being
conducted in the same manner as at the particular point where
the accident occurred.   The volume and character of earth and
stone placed on the road, the manner in which it was distrib-
uted, the season of the year, the extent of roadbed covered, and
the attention given by the supervisor to the work, were impor-
tant items of evidence in determining the question of negligence.
As to these questions the witnesses differed widely and we
cannot reconcile the testimony.   The trial judge in his charge
carefully explained the duty of the supervisors in relation to
the care of the roads, and the whole question was fairly sub-
mitted.

The judgment is affirmed.

RICE, P. J., and W. D. PORTER, J., dissent.