## Easton *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Defect in sidewalk—Contributory negligence.*
Where a woman in broad daylight undertakes to cross a street diagonally at a place not provided as a crossing for pedestrians, and when near the edge of the sidewalk steps into a hole made by the displacement of two and one-half bricks by the roots of a tree standing nine inches away on the extreme edge of the sidewalk, and it appears that she must have seen the hole if she had looked, she is guilty of contributory negligence and cannot recover from the city for the injuries sustained.

Argued Oct. 21, 1904. Appeal, No. 110, Oct. T., 1904, by defendant, from judgment of C. P. No. 4. Phila. Co., Sept. T. 1903, No. 1589, on verdict for plaintiff, in case of Maria Stille Easton v. Philadelphia. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages for injuries sustained by a fall on a sidewalk.   Before CARR, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $450.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*C. E. Bartlett*, assistant city solicitor, with him *J. L. Kinsey*, city solicitor, for appellant, cited : Shallcross v. Phila., 187 Pa. 143 ; Robb v. Connellsville Boro., 137 Pa. 42 ; Barnes v. Sowden, 119 Pa. 53 ; Sickels v. Philadelphia, 209 Pa. 113.

*Charles L. McKeehan*, for appellee, cited : Fee v. Columbus Boro., 168 Pa. 382 ; Glading v. Phila., 202 Pa. 324; Philadelphia v. Smith, 23 W. N. C. 242; Walton v. Colwyn Boro., 19 Pa. Superior Ct. 172; Nicholson v. Philadelphia, 194 Pa. 460.

OPINION BY MORRISON, J., November 21, 1904:

In this action of trespass for personal injuries the plaintiff recovered a verdict and the court refused a new trial and entered judgment thereon.

There is but one assignment of error, to wit : "The learned court below erred in refusing to affirm the fifth point of the defendant below which was as follows : Under all the evidence the verdict must be for the defendant.   *Answer :* That point is refused."

Counsel for the defendant states the only question involved is the refusal of the court to affirm said point.   The contention is that the court erred in submitting the case to the jury for three reasons, to wit: (1) No negligence was shown on the part of the defendant ; (2) the plaintiff failed to show that the injury was caused by the alleged defect or hole in the sidewalk, and (3) the plaintiff was guilty of contributory negligence.

An examination of all the evidence does not convince us that there was a lack of evidence as to the negligence of the defendant.   At least, we think there was sufficient evidence upon this question to justify submitting it to the jury.   If the

defect in the sidewalk, described as a hole, about nine inches from the tree mentioned by the witnesses, was of such a character as to be dangerous and it had been there the length of time testified to by some of the witnesses, we cannot say, as a matter of law, that the city was not visited with constructive notice, and that it was not the duty of the proper officials to have repaired the walk at this point. As to the second question we think there was sufficient evidence on the part of the plaintiff and her witnesses, from which a jury could fairly infer that her injury resulted from stepping into the hole or defective place in the sidewalk at or near the roots of the tree. As to the third question, the contributory negligence of the plaintiff, we think the learned court erred in not giving a binding instruction to the jury that the plaintiff could not recover on account of her own contributory negligence.

The accident happened in broad daylight on one of the principal streets of Philadelphia. The plaintiff undertook to cross a street diagonally at a place not provided as a crossing for pedestrians. The tree referred to by the witnesses stood on the extreme edge of the sidewalk. The hole or defect was caused evidently by the growth of the roots of the tree which had displaced a few bricks. It appears that two or two and one half of these bricks had been carried away by some one thus leaving what is called the hole, into which the plaintiff thinks she stepped. This defect in the walk extended only about nine inches from the tree. If the plaintiff had been using her eyes and looking where she was going, as her duty required her to do, she must have seen the tree and the defect in the walk described by the witnesses. We cannot think that a person going off the sidewalk at this place, in daylight, could pass within a foot or nine inches of a tree of about a foot in thickness without seeing it and without observing the condition of the walk over which she had elected to pass. If she saw the defective place in the sidewalk and deliberately walked into it she was guilty of contributory negligence. If she did not see it she was guilty of negligence in not doing so.

Shallcross v. City of Philadelphia, 187 Pa. 143, is a case much like the present one. In that case Mr. Justice FELL said (p. 144): "The plaintiff was bound to look where she was going; and if, as she testified, the stone block projected

between four and six inches above the pavement, she either saw it or was negligent in not doing so. If she saw it and nevertheless tripped over it and fell, she was negligent in failing to avoid an obvious danger. The condition of the pavement, the bricks being displaced, should have been sufficient notice to her that caution was required." And the court below was affirmed in its refusal to take off a compulsory nonsuit.

In Robb v. Connellsville Borough, 137 Pa. 42, the plaintiff sued to recover for personal injuries from a fall over a footway of a street crossing raised six inches above the line of the footway upon which she was walking. The court below granted a compulsory nonsuit and refused to take it off. In affirming this judgment the opinion of the Supreme Court by Mr. Justice MITCHELL considers quite fully the duty of a person to use their eyes while walking along the footways or across the streets of a city. On page 46 the learned judge says : " The precise place of the accident was one where she had to step from the foot pavement to the plank street crossing, where she was bound to expect the continuity, if not the level of the pavement to be broken, and where it was therefore especially incumbent on her to use her eyes. The general result of her own testimony clearly is that she was not paying such attention as the situation required."

In Sickels v. Philadelphia, 209 Pa. 113, the doctrine of the case is fairly stated in the syllabus, thus : " Where a woman in broad daylight approaches a slippery ridge, eight inches high, across a sidewalk, and with full opportunity to see the ridge, steps upon it, falls and is injured, she is guilty of contributory negligence and cannot recover damages from the city." In that case Mr. Justice BROWN said (p. 115) : " What the law required of her was to avoid peril in her way by the ordinary and reasonable use of her eyes, and for failure to so protect herself, she cannot call on the city to compensate her for her injuries, even if it, and not an independent contractor, was negligent: Bruch v. Philadelphia, 181 Pa. 588; Iseminger v. York Haven Water, etc., Co., 206 Pa. 591."

We think these cases and many others which might be cited convict the plaintiff of contributory negligence. It is very certain that she would have seen the object if she had used

such care as the law required of her in the circumstances disclosed by her own testimony.

The assignment of error is sustained and the judgment is reversed.