# O'Hey v. Commonwealth Title Insurance & Trust Company, Appellant.

*Negligence—Sidewalk—Evidence as to locality of accident.*

In an action to recover damages for personal injuries sustained by a fall in a hole in a sidewalk, it appeared that defendant owned four lots numbered 256, 258, 260 and 262. The statement of claim averred that the hole was in the pavement of No. 256. Plaintiff testified that she was injured in front of No. 256, or between that lot and No. 258. Two persons who assisted the plaintiff after the accident, testified that they thought that the accident occurred in front of No. 260. A third person who came up immediately afterward described the location as at or near 260, but he stated that the other two witnesses had carried the plaintiff bodily before he came up. The evidence showed that there was a hole near the dividing line of lots Nos. 256 and 258, and that the pavement in front of No. 260 was without defect. *Held*, that the court could not declare that there was a positive contradiction in the evidence offered by plaintiff, but that it was for the jury to say whether there was conflict in the evidence.

Argued Oct. 14, 1904. Appeal, No. 90, Oct. T., 1904, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1901, No. 2635, on verdict for plaintiff in case of Mary O'Hey v. Commonwealth Title Insurance and Trust Company. Before RICE, P. J., BEAVER, SMITH, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FINLETTER, P. J.

The facts appear by the opinion of the Superior Court.

The court charged, inter alia, as follows :

" Was the defendant the owner of the property in front of which the accident occurred ? I do not see how in an ordinary case, that question could arise, but the plaintiff having averred that the property in front of which the hole was, belonged to the defendant, the plaintiff must prove it. I do not recollect exactly what was the nature and character of the evidence in relation to that, but that is a question which you must determine from the evidence. Was this hole in and upon the sidewalk of the property belonging to the defendant ? If you are satisfied it was, then you may come to the conclusion that the

defendant was negligent, and if, in addition to that, you find that the plaintiff used reasonable care in passing along the highway, then the verdict must be for the plaintiff and the question of damages arises."

Verdict and judgment for plaintiff for $1,500.    Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2) portion of charge as above, quoting it.

*Franklin L. Lyle,* with him *E. Cooper Shapley,* for appellant.—The court should have given binding instructions for defendant: Barnes v. Sowden, 119 Pa. 53; Lynch v. Erie City, 151 Pa. 380; Bornscheuer v. Consolidated Traction Co., 198 Pa. 332.

*Leoni Melick* of *Melick, Potter & Dechert,* for appellee.— Where there is any evidence which alone would justify an inference of the disputed fact, it must go to the jury, no matter how strong or persuasive may be the countervailing proof: Howard Express Co. v. Wile, 64 Pa. 201.

OPINION BY HENDERSON, J., January 17, 1905:

The appellant complains that the court erred first, in not giving binding instructions for the defendant; and second, that the charge permitted the jury to find that if the plaintiff was injured on the sidewalk in front of other property of defendant than that described in the declaration, there might be a verdict for the plaintiff.    The plaintiff's allegation was that she was injured in front of lot No. 256, or between that lot and No. 258, immediately adjoining it on Queen street; other evidence offered by the plaintiff tended to show that the injury was received in front of No. 260, belonging to same defendant, and it is contended by the appellant that by reason of this apparent contradiction in the plaintiff's evidence she has failed to make out a case.    The appellant owns four houses in a block on contiguous lots.    The plaintiff's evidence shows that there was a depression or hole in the sidewalk near the line dividing lots 256 and 258.    The plaintiff, herself, describes the defect as a "hole," into which her foot went.    The ground

was covered with snow, which so obscured the defect that it was not visible. She located the hole as "right between the two houses," but could not state the number of either house. She evidently, however, definitely located the houses as the two nearest Wayne street, and these are Nos. 256 and 258. The evidence showed that the hole was caused by the removal of some bricks, presumably the result of the work of a plumber who, a short time before, made an opening in the sidewalk at this point to stop a leak in a water pipe. According to the plaintiff's statement, the hole was so deep that her foot went in and turned her around, as the result of which her leg was broken near the ankle. According to the evidence, the hole had been there for three or four weeks. The plaintiff testified that she was picked up where she fell by Frank McFall and Frederick Latteman. In the course of his examination McFall testified that he made a note of the house, and that he thought it was between 260 and 262 that they lifted her up. Latteman testified that he thought they found her in front of No. 260; "I could not exactly say what spot, but that is where my impression is I found her, my memory." Another witness, Jester, came up after the plaintiff had fallen, at which time "she was sitting on the pavement, about the second house from the grocery store on Green street." The location described by the witness was at or near 260. It is because of this discrepancy in the evidence for the plaintiff that the appellant contends that binding instructions should have been given to the jury. We are not persuaded by the argument of the learned counsel that the court would have been justified in so doing. The evidence of the plaintiff herself is definite as to the location of the defect in the sidewalk. On her evidence alone it is quite clear that the defect was near the dividing line between lots 256 and 258. The description of the location as given by her applies to no other part of the property of the defendant. The evidence of other witnesses showed the existence of a defect in the sidewalk such as the plaintiff herself described, and the fact was developed by the cross-examination of the plaintiff's witness that the sidewalk in front of 260 was in perfect condition. Taking the plaintiff's designation of the location where she was injured, her description of the hole in the sidewalk, the manner in which

she stepped in it and received the injury complained of, the plaintiff's case is made out by sufficient evidence, if believed by the jury, to entitle her to a verdict. Definite facts were sufficiently shown to warrant the submission of the case. The testimony of McFall and Latteman is not so positive as to the place where they picked up the plaintiff as to justify the conclusion that the plaintiff must have been mistaken as to the place where she was injured. So far as appears from the evidence there was nothing to call the attention of the witnesses to the particular house in front of which she fell. The lots are narrow, the buildings in a block, and a witness might easily be mistaken as to the particular house in front of which the accident occurred. If the plaintiff was injured in the manner stated by her, the fact of the existence of the hole, the manner in which she stepped into it and the resulting injury, would be very strongly impressed upon her mind ; and the fact that there was no defect in the sidewalk excepting that described by the plaintiff and other witnesses called by her would tend to confirm her testimony. The plaintiff stated in her testimony that when McFall and Latteman came there they lifted her up, and " came a little distance." Jester said they tried to carry her bodily before he came. It may well be that she was moved a short distance by McFall and Latteman, and that she was near lot 260 when Jester came up. The court could not declare that there was a positive contradiction in the evidence offered by the plaintiff. It was for the jury to say whether there was such conflict.

In view of the affirmation of the defendant's second point, the objection to the charge of the court set forth in the second assignment of error is not well taken. The subject under consideration in that portion of the charge was the question of title, and the reference was to the part in which the hole was. The instruction of the court was that the plaintiff must prove the title in the defendant, and that if the hole was in the sidewalk in front of the defendant's property, the plaintiff might recover, and this manifestly had reference to the property where the plaintiff alleged she was injured. It does not appear that any other defect existed in the sidewalk in that vicinity, and as the jury was instructed that the plaintiff could not recover unless the fact was found to be that she was injured in the hole

in front of lot 256, we think there could have been no misunderstanding by the jury on that subject. The instruction of the court was proper under the evidence.

The exceptions are overruled and the judgment affirmed.