# Wertz *v.* Girardville Borough, Appellant.

*Negligence—Boroughs—Sidewalk—Evidence—Province of court and jury.*

In an action by a girl between fourteen and fifteen years of age against a borough to recover for personal injuries sustained by a fall upon a sidewalk, the case is for the jury where the evidence although contradicted in part tends to show that there was ice on the sidewalk, that at the point of the accident there was a depression of about four inches due to the removal of a paving stone, that immediately next to this depression was another stone on which there was ice and snow, and that plaintiff in turning in the darkness to go into the street where she thought the walking was safer, stepped from the latter stone into the depression and was injured.

It does not necessarily follow that one is guilty of negligence who is injured in passing over an accumulation of ice on the pavement. The extent and shape of the accumulation and the obviousness of the danger, affect the question.

Argued Dec. 6, 1905.   Appeal, No. 92, Oct. T., 1905, by defendant, from judgment of C. P. Schuylkill Co., July T., 1904, No. 301, on verdict for plaintiff in case of Peter Wertz, in his own right, and Anna Wertz, by her next friend and father, Peter Wertz, v. The Borough of Girardville.   Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before SHAY, J.

The facts are stated in the opinion of the Superior Court.

Defendant presented these points :

2. If the jury believe that the cause of the accident was by reason of Anna Wertz turning from a path in the center of the pavement to go into the street, and stepping on a heap covered by snow, which she saw, and slipping from off the heap, the verdict must be for the defendant.   *Answer :* This we affirm, if you find that the hole in the pavement, under the instructions that we before gave you, was not the primary cause of her injury. [1]

3. If the jury believe that the plaintiff, Anna Wertz, in departing and turning from a safe course along the center of the pavement, knowingly stepped upon a heap covered by snow, and thereby contributed to the accident by going from a safe place to what proved a dangerous place, the verdict must be for the defendant.   *Answer :* This we refuse. [2]

7. That under all the evidence the verdict must be for the defendant.   *Answer :* This we refuse, leaving it for you to say, gentlemen, of the jury, under the instructions we have given you, what your verdict shall be. [3]

Verdict and judgment for Peter Wertz for $30.00, and for Anna Wertz for $162.08.   Defendant appealed.

*Errors assigned* were above instructions, quoting them.

*Edward J. Maginnis,* for appellant.—Where a person walking along a pavement turns to go into the street at a point where there is no crossing and seeing a ridge or mound covered with snow near the edge of the pavement steps on it and falls, she is

guilty of contributory negligence and cannot recover from the borough: Sickers v. Phila., 209 Pa. 113; Easton v. Phila., 26 Pa. Superior Ct. 517.

*M. A. Kilker,* for appellee.—The case was for the jury: Campbell v. City of York, 172 Pa. 205; Manross v. Oil City, 178 Pa. 276; Kellow v. Scranton, 195 Pa. 134; Kehler v. Schwenk, 144 Pa. 348; Brown v. White, 206; Pa. 106; Miller v. Bradford City, 186 Pa. 164; Rick v. Wilkes-Barre, 9 Pa. Superior Ct. 399; Farrell v. Plymouth Borough, 26 Pa. Superior Ct. 183.

OPINION BY HENDERSON, J., March 12, 1906:

The verdict of the jury established the fact that a defect existed in the footway of one of the principal streets of the borough for a length of time sufficient to charge the proper authorities with notice; that the plaintiff, Anna Wertz, was hurt because of this defect and that she was free from contributory negligence. Unless this result was reached without evidence the verdict cannot be disturbed. That there was a depression in the sidewalk at the place where the plaintiff was injured, caused by the removal of a paving stone at the time a telephone pole was set within the curb line, is shown by the testimony of several witnesses and as the contrary was averred by some of the witnesses called for the defendant, the question was necessarily one for the jury. No one but the plaintiff who was hurt was present at the time of the accident and no reason is suggested why her testimony as to the manner in which the injury was received is not entitled to credit. From the evidence, the jury was at liberty to conclude that she stepped on a paving stone near the hole in the sidewalk and that her foot slipped on the snow and went into the hole, resulting in the fracture of her ankle. It does not seem to be seriously contended that the plaintiff was not injured at the place stated by her. The point strongly relied upon by the appellant in the argument was that she left the beaten path on the sidewalk and was about to go into the street at a place where there was not a crossing; that she stepped upon a visible elevation of snow and ice and by so doing was guilty of contributory negligence. She was between fourteen and fifteen years of age when she

was injured. The accident occurred at night and it was dark where she fell. There was a path along the middle of the sidewalk, beaten to a depth of three or four inches in the snow covering the ground. There was evidence that there was ice on the walk and that there was a considerable declivity where the plaintiff fell, and she testified that she undertook to go from the sidewalk into the street because she thought the road was safer to walk on. The accident occurred on ·the sidewalk. According to the plaintiff's testimony, she was " walking pretty slow " and watching where she was going. The appellant contends that it appears from her testimony that there was a paving stone lying on the sidewalk; that this was covered with snow and slush, forming a " heap," in the language of the appellant's counsel; that the plaintiff saw this elevation and voluntarily stepped on it. The appellees contend that the evidence shows that the stone from which she fell into the depression was a paving stone in place next to that which had been removed; that the depression was about four inches deep and that the snow and slush on the stone gave it an apparent elevation above the space where there was no stone and the beaten path in the middle of the sidewalk. It may be said that the evidence is not clear on this point, but it would bear the interpretation by the jury that the witness slipped into the hole from the paving stone which was a part of the sidewalk. Accepting the appellant's theory, however, it does not follow that the plaintiff was guilty of contributory negligence. The stone was said to be about two feet long and one foot wide, with about three inches of snow thereon. It could not be declared as a matter of law that a person of the age of Anna Wertz was guilty of contributory negligence in stepping upon a paving stone of that size on the sidewalk, covered with three inches of snow and slush, when attempting to go from the slippery path in the sidewalk into what was believed to be a safer way. The plaintiff was bound to exercise the ordinary care which a person of her age and experience would be required to do. What this degree of care was, under the circumstances, was clearly a question for the jury. It does not necessarily follow that one is guilty of negligence who is injured in passing over an accumulation of ice on the pavement. The extent and shape of the accumulation and the obviousness of the danger, affect

the question : Brown v. White, 206 Pa. 106. The "heap" of snow and slush, even according to the appellant's interpretation of the plaintiff's evidence, was neither so large nor imminently dangerous as necessarily to suggest to a person of ordinary prudence a risk in attempting to pass over it. What a young girl should do, when confronted by the conditions described by the witnesses, was a question for the jury and not for the court. The cases cited by the appellant, Sickels v. Philadelphia, 209 Pa. 113, and Easton v. Philadelphia, 26 Pa. Superior Ct. 517, are predicated of a different state of facts from that presented here. In each of the cases referred to, the plaintiff encountered the obstruction and received the injury in broad daylight. There was a manifest omission on the part of each of the plaintiffs to look where she was going and to observe obvious defects and it was because she must have seen the defect if she had looked that each of them failed in her action. Here, however, the darkness of the night, the slippery condition of the path in which the plaintiff was walking, the prospect of greater security in the street and the presence of snow on the ground, concealing to some extent, at least, the defect in the walk, give a complexion to the case, materially different from those relied upon by the appellant.

The defendant's second point might have been refused without qualification. It assumes that if Anna Wertz stepped "on a heap covered with snow" she was guilty of contributory negligence. As we have seen, however, the evidence was open to the inference that that which the counsel described as a "heap" was only an elevation of the snow on the pavement at the side of the beaten track next to the depression. The affirmation of the point would also have taken from the jury the consideration of the dimensions of the heap, the motive for the plaintiff's action and the degree of care chargeable to one of her age, under the circumstances.

The affirmation of the defendant's third point would hold the plaintiff, Anna Wertz, responsible without reference to the degree of care resting upon her. The fact that the place upon which she stepped "proved a dangerous place" does not raise any presumption of negligence. Such a charge could only be made where the place was obviously dangerous. Morever, the point assumes that she turned from a safe course, whereas

there is evidence that on account of the icy condition of the path in which she was walking, she attempted to go into the road for greater security.   It has frequently been stated that it is only in cases where the evidence is direct, certain, presenting no question of credibility and leaving no sufficient ground for inconsistent inferences of fact that the court may instruct the jury as to its legal effect.   This case is not of that character and it was properly submitted to the jury.

The assignments of error are overruled and the judgment is affirmed.