# Keile *v.* Kahn, Appellant.

*Negligence—Collision between wagon and cab—Contributory negligence— Question for jury.*

In an action to recover damages for injuries to a horse, it appeared that plaintiff's employee was driving a covered wagon on a street where there were two street car tracks. The driver turned the wagon from the car track to enter upon an intersecting street. While he was in the act of turning, with his wheels dragging on the rails, before they were entirely free from the track, the defendant's cab approached at a rate of speed of about nine miles an hour, the driver permitting the reins to hang loosely, and in making the effort to cut the wagon out on the turn, or in trying to pass it he forced a collision at the curb, injuring the plaintiff's horse. *Held,* that the case was for the jury and that a verdict and judgment for the plaintiff should be sustained.

The question of contributory negligence cannot be treated as one of law, unless the facts and the inferences from them are free from doubt; if there is a doubt as to either the case is for the jury. It is the exclusive province of the jury to pass upon the credibility of witnesses, weigh the evidence, and ascertain the facts.

Argued Dec. 12, 1905. Appeal, No. 83, Oct. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1902, No. 1,800, on verdict for plaintiff in case of George Keile v. Samuel M. Kahn. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for injuries to a horse. Before AUDENRIED, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $125. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Eugene Raymond,* for appellant, cited: Baker v. Fehr, 97 Pa. 70; Waters v. Wing, 59 Pa. 211; Penna. Canal Co. v. Bentley, 66 Pa. 30; Hays v. Gallagher, 72 Pa. 136; Goshorn v. Smith, 92 Pa. 435; Whitaker v. Delaware & Hudson Canal Co., 87 Pa. 34; Brunner v. Blaisdell, 170 Pa. 25; Mixter v. Coal Co., 152 Pa. 395; Baran v. Reading Iron Co., 202 Pa.

274; Aument v. Penna. Telephone Co., 28 Pa. Superior Ct. 610.

*Edward D. Wadsworth*, for appellee, cited: Cohen v. Philadelphia & Reading R. R. Co., 211 Pa. 227; Bartholomew v. Kemmerer, 211 Pa. 277.

OPINION BY ORLADY, J., March 12, 1906:

The plaintiff's right to recover in this case depends entirely upon the interpretation a jury would put upon certain disputed facts and the reasonable inferences to be drawn from them. The rule applicable to such cases has been repeatedly announced by the appellate courts. As stated in Ely v. Railway Co., 158 Pa. 233, " All that this court can do is to lay down the general rules, and to say that when the facts are uncontested, or the inference of negligence the only one that can be drawn, the court must pronounce the result as matter of law; but when the facts are in dispute, or the inference from them open to debate, they must go to the jury: " Cohen v. Phila. & Reading R. R. Co., 211 Pa. 227.

The question of contributory negligence cannot be treated as one of law, unless the facts and the inferences from them are free from doubt; if there is a doubt as to either the case is for the jury: Coolbroth v. Penna. R. R. Co., 209 Pa. 433. It is the exclusive province of the jury to pass upon the credibility of witnesses, weigh the evidence and ascertain the facts: Kelton v. Fifer, 26 Pa. Superior Ct. 603.

On the trial below the case turned on the care exercised by the plaintiff's driver when he turned his wagon from the car track to enter upon the intersecting street. He was driving on a wide thoroughfare having two car tracks in the middle of the street. If he looked around the side of his wagon before turning from the car track and made the turn in a reasonably careful manner, and the defendant's cab was not likely to be at that time in his prospective line of travel he could hardly be expected to do more. The street was clear for his use, the space was sufficient to make the turn in safety, and his conduct in using the street was a question of fact and not of law. The evidence tends to prove that while he was in the act of turning, with his wheels dragging on the rail before they were

entirely free of the track, the defendant's cab approached at a rate of speed of about nine miles an hour, the driver permitting the reins to hang loosely, and in making the effort to cut him out on the turn, or in trying to pass him, he forced a collision at the curb. If, this be true the driver of the cab had a full view of the covered wagon directly in front of him and could see that it was about to obstruct his progress, so that it was his duty to have his horse under such control as to have avoided the accident by coming to a halt. The facts were disputed in some important particulars, and the inferences to be drawn from them were not free from doubt. They were rightly submitted to the jury for determination. The charge was fair and adequate, in explanation of the duties of the respective drivers. The plaintiff's evidence was sufficient to warrant the verdict.

The judgment is affirmed.