## Moore *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Sidewalk—Icy ridge—Notice.*

Where a municipality permits a ridge of ice four inches wide and from two to five inches high to remain across a sidewalk for a month, and a person slips and falls on the ridge after it is covered with snow, the municipality will be liable in damages for injuries sustained.

Argued Oct. 11, 1906. Appeal, No. 112, Oct. T., 1906, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1905, No. 3,949, on verdict for plaintiff in case of Sarah Moore v. City of Philadelphia. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,250. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*W. C. Wilson,* assistant city solicitor, with him *Charles E. Bartlett* and *John L. Kinsey,* city solicitor, for appellant.

*Willard B. Barcus,* for appellee.

OPINION BY MORRISON, J., March 5, 1907 :

This is an action of trespass for personal injuries to the defendant caused, as alleged, by the negligence of the city officials. Plaintiff's testimony, and that of her witnesses, shows that she' was walking on Spruce street in Philadelphia on February 1, 1905, about six o'clock P. M.; that she slipped and fell on an accumulation or ridge of ice about four inches wide and from two to five inches high, extending across the sidewalk which was covered with snow which had been falling for about an hour before. The ice was formed by water discharged from a drain pipe on to and over the sidewalk at that point, and the ice had been there for about a month previous to the accident. Plaintiff's injury was a broken hip, and her leg is shortened by the injury and will remain in that condition. The foregoing is in substance what the jury could find from the testimony.

The defendant offered no evidence, the case going to the jury on the plaintiff's showing and the charge of the court, which is adequate and fair. The defendant's counsel presented six points, all of which were affirmed, except the first and fifth. The first was refused, and the fifth withdrawn. It is said that there was a motion for judgment non obstante veredicto, but no such motion is printed, nor do we find the ruling of the court thereon. The only assignment of error is : " The court below erred in refusing to affirm the defendant's point which was as follows : Under all the evidence the verdict must be for defendant. I refuse that point. The case presents questions of fact which I feel bound to leave to you." There is no exception to the charge.

We have read the testimony and examined this record with care, and have also carefully considered the argument of the learned counsel for appellant, but have failed to find any sufficient reason for reversing the judgment or for bringing the case before this court. Under the undisputed evidence, the judgment could be sustained on the ground of the independent negligence of the city authorities, even if the ice had been sim-

ply smooth and slippery, instead of in a ridge as before stated: Manross v. Oil City, 178 Pa. 276; Decker v. Scranton City, 151 Pa. 241.

The doctrine of those cases is that a recovery may be had for a smooth and slippery condition of the street, or sidewalk, where it is caused by the negligence of the city officials to discharge a plain duty resting on them. That is to say, where the jury can find, from the evidence, that such slippery condition would not have existed except for such negligence by the proper city officials.

But the plaintiff in this case is not driven to that position. Under the evidence, there was such a ridge of ice across the sidewalk, for so long a time, as to be prima facie evidence of clear negligence on the part of the defendant: McLaughlin v. City of Corry, 77 Pa. 109; Mauch Chunk v. Kline, 100 Pa. 119; City of Erie v. Magill, 101 Pa. 616; Wyman v. Philadelphia, 175 Pa. 117; Evans, Appellant, v. Philadelphia, 205 Pa. 193; Koch v. City of Williamsport, 195 Pa. 488.

The court could not hold, as a matter of law, under the evidence, that the plaintiff was guilty of contributory negligence in passing over the ridge of ice: Wertz v. Girardville Borough, 30 Pa. Superior Ct. 260.

The difficulty the plaintiff labored under of fixing the exact place where she fell does not, under the evidence, furnish ground for a binding instruction against her. The testimony upon this question, at both trials, fully warranted the court in submitting the place of the accident to the jury: O'Hey v. Title Insurance and Trust Co., 27 Pa. Superior Ct. 137.

The assignment of error is dismissed and the judgment is affirmed.