# Giovanelli *v.* Erie Railroad Company, Appellant.

*Negligence—Railroads—Passenger—Getting on car—Evidence—Case for jury.*

1. It is the duty of a carrier to give intending passengers a reasonable opportunity to enter a train in safety before it is started, and the failure to do so, resulting in injury to a passenger, is actionable negligence for which the carrier is liable.

2. A passenger is entitled to have his suit against a railroad company go to the jury, where his own testimony corroborated by others, but contradicted by the defendant, tends to show that after the train which he intended to take was announced, he proceeded to board it; that when he was on the second step his further progress was barred by persons standing on the platform; that the train then started and ran over a switch and was suddenly stopped with a jerk, when one of the men on the platform was thrown or fell against the plaintiff, who was precipitated to the ground and injured by the wheel of the car passing over his leg.

Argued March 14, 1910.    Appeal, No. 57, Jan. T., 1910, by defendant, from judgment of C. P. Bradford Co., Dec. T., 1908, No. 485, on verdict for plaintiff in case of Dominico Giovanelli v. Erie Railroad Company.    Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before FANNING, P. J.

Verdict and judgment for plaintiff for $2,000.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Rodney A. Mercur*, with him *Halsey Sayles*, for appellant.

*Wm. Maxwell*, with him *David E. Kaufman* and *H. H. Rockwell*, for appellee.

PER CURIAM, April 18, 1910:

The statement avers, inter alia, that "as the plaintiff stepped upon the car steps to enter said car, having his left foot upon the first step, and his right foot upon the second step, of the said car, and with his hand holding on the rail of the said car, on his way to enter the said car, and while in the act of doing so, as aforesaid, the train, negligently, carelessly and wantonly, and without any notice or warning to the said plaintiff, started and proceeded but a short distance without any reason or excuse for so doing, and then negligently, carelessly, wantonly and without any warning to the said plaintiff, came to a sudden stop, with such force as to violently throw the plaintiff from the steps of the said car to the ground or track," etc.    This averred a good cause of action, and was sustained by the plaintiff's testimony, if believed. At least two witnesses testified substantially that after

the train for Corning was announced, the plaintiff immediately attempted to board it by ascending the steps of the smoking car; that when he was on the second step his further progress to the interior of the car was barred by several persons standing on the platform, and the train then started; that it ran over the switch onto the main west-bound track and was suddenly stopped with a jerk; that one of the men on the platform, obstructing plaintiff's way to the body of the car, was thrown or fell against the plaintiff who was precipitated to the ground and was injured by the wheel of the car passing over his leg. The defendant company denies that it was negligent in the operation of its train at the time of the accident, and its testimony tended to show that no passengers were in the act of entering the passenger coach or were in sight at the time the train started, that the coach was not crowded, that the train did not stop when it went out of the switch but only slackened its speed and there was no jerking or jolting, that the plaintiff was improperly standing on the platform after the train started, apparently trying to hail some one by waving his hands when he fell from the coach and was injured.

It is apparent, we think, that the court could not, under the testimony, have withdrawn the case from the jury, as requested by the defendant company. The jury had ample testimony before it to justify a verdict for the defendant, but the evidence of the plaintiff was sufficient, if believed, to warrant the finding that the plaintiff's injuries resulted from the negligent operation of the train. It is the duty of a carrier to give intending passengers a reasonable opportunity to enter the train in safety before it is started, and the failure to do so, resulting in injury to a passenger, is actionable negligence for which the carrier is liable. The learned judge so instructed the jury, and no error is assigned to the charge. The court, after saying to the jury that if a passenger was injured by being improperly on the steps or if he voluntarily rides on the steps or platform of a car when he can be accom-

modated within and is injured thereby the carrier is not responsible, then said: "If you should find that the plaintiff boarded the train in question pursuant to the 'call,' before the signals were given and the train started, got upon the second step and could not proceed any further on account of the platform being blocked by people, and while hanging on was precipitated or thrown off by reason of a jerk, resulting from the stopping or slackening of the train and there was no fault on his part, he would be entitled to recover, if such a state of facts is clearly established." We think the case was for the jury, and it was properly submitted.

Judgment affirmed.