# Clark v. Philadelphia, Appellant (No. 1).

*Negligence—Municipalities—Hole in sidewalk—Contributory negligence—Case for jury.*

In an action by a woman against a city to recover damages for personal injuries sustained by a fall in a hole in a sidewalk at night, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where the evidence of the plaintiff and her witnesses although contradicted by that of the defendant's witnesses, tends to show that the night was dark with the street lights in the vicinity dimmed by atmospheric conditions, that the hole in which plaintiff fell was in a cemented sidewalk, that the hole was about four or five inches deep, and of a varying width of from one to two feet; that the plaintiff did not know of its existence; that it was not plainly visible to one walking; and that she did not in fact see it before she stepped into it.

Argued Dec. 20, 1910. Appeal, No. 154, Oct. T., 1910, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1906, No. 4,512, in case of Elizabeth Clark, administratrix in the estate of Frank P. Clark, and Elizabeth Clark v. City of Philadelphia. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, J.

The circumstances of the accident are set forth in the opinion of the Superior Court.

254  CLARK *v.* PHILADELPHIA, Appellant (NO. 1).

Statement of Facts—Opinion of the Court.   [46 Pa. Superior Ct.

Verdict and judgment for Elizabeth Clark for $750 and for the estate of Frank P. Clark for $250.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Charles E. Bartlett,* assistant city solicitor, with him *J. Howard Gendell,* city solicitor, for appellant.—Plaintiff was guilty of contributory negligence: Martin v. Williamsport, 208 Pa. 590; Guinter v. Williamsport, 208 Pa. 587; Robb v. Connellsville Borough, 137 Pa. 42; Stackhouse v. Vendig, 166 Pa. 582; Haven v. Bridge Co., 151 Pa. 620; Shallcross v. Philadelphia, 187 Pa. 143; Mason v. Philadelphia, 205 Pa. 177; Sickels v. Philadelphia, 209 Pa. 113; Byrne v. Philadelphia, 211 Pa. 598; Easton v. Philadelphia, 26 Pa. Superior Ct. 517; Lerner v. City, 221 Pa. 294.

*David Levinson,* with him *Joseph Sternberger,* for appellee.—The question of plaintiff's contributory negligence was for the jury: Wall v. Pittsburg, 205 Pa. 48; Hedricks v. Schuylkill Twp., 16 Pa. Superior Ct. 508; Iseminger v. Water & Power Co., 206 Pa. 591; Brown v. Milligan, 33 Pa. Superior Ct. 244; Sturtz v. R. R. Co., 225 Pa. 249; Giovanelli v. R. R. Co., 228 Pa. 33; Esher v. R. R. & Mining Co., 28 Pa. Superior Ct. 387; Bruch v. Phila., 181 Pa. 588.

OPINION BY ORLADY, J., March 3, 1911:

The only error assigned is that the court erred in refusing to direct a verdict in favor of the defendant, and subsequently, in refusing to enter a judgment non obstante veredicto in its favor.

The plaintiff was injured by falling on a pavement, while walking with a friend and using the ordinary precautions exacted of pedestrians.   The cause of her fall was the subject of such positive contradictions from witnesses

who should have had personal knowledge of the facts,
that there was but one way to have them reconciled, that
is, by referring that controversy to a jury for solution, and
this the trial judge did in such a fair manner that no ex-
ception was taken thereto.

The question involved is stated to be, Was the plain-
tiff, Elizabeth Clark, guilty of such contributory negli-
gence, as to preclude recovery by her, against the city,
for injuries alleged to have been sustained by a defect in
the pavement?

The accident happened near eight o'clock in the even-
ing of February 5, 1906.  There were some street lights in
the vicinity, the weather conditions were described as "a
kind of gloomy night, dark; there was a kind of darkness
on the pavement, a kind of heaviness and the lights did not
show the pavement."  There was a strip of grass, between
the curb, and the cemented pavement, on which the
two women were walking.  When they were opposite to
No. 1715 Thirty-first street, the plaintiff suddenly fell,
and was so injured, that on account of the severe pain
with shock, she became unconscious.  She was aided by
some persons who responded to her call for help, and then
noticed for the first time the cause of her mishap, which she
definitely described, as a hole in the cemented part of
the sidewalk, that was a foot and a half to two feet in
width at one end and toward the center of the walk was
a little over a foot in width, and about four or five inches
in depth.  These measurements were made in her presence,
at the time of the accident by a person who aided her to
house steps that were but a few feet distant from the hole.
She did not know of its existence, and did not see it that
night before she stepped into it; as she described it, "In
walking along you wouldn't take notice of the hole, not
unless you were standing looking at it, or stopped to
look at it, then you might take notice, there was a shade
of some kind, I don't know whether it was the shade of
the lights or what."  In her description of the accident
and condition of the pavement she was fully corroborated

by the woman who accompanied her, walking abreast, and who testified that she "was looking kind of forward, looking down at the pavement," and did not see the hole until after the accident. A son of the plaintiff testified that he had seen the hole at least a year before, that it was caused by the breaking up of the cement paving so that you could see the earth under it, and was of the size described by the other witnesses, and further that it remained in the same condition for some months afterwards.

The gravity of her injuries was not seriously questioned, and the defendant realized that under such an array of positive testimony from competent witnesses, it was bound to overcome them by more convincing proof. A nonsuit was not asked for, and a number of witnesses were called who lived in the locality, and were familiar with the pavement through frequently using it, and who denied the existence of any such hole in the pavement, or that it was defective in any manner, except that there was a small notch three or four inches wide out of the cement pavement near to the grass plot.

The question was purely one for the jury under the authorities. To justify the court in giving binding instructions or in directing a verdict non obstante veredicto the controlling facts must be established beyond doubt and the conclusions to which they lead must be so clear and unquestionable that they may be judicially declared. It is only when the facts and inferences therefrom are undisputed and where the precise measure of duty is determinate that the question is for the court: Hedricks v. Schuylkill County, 16 Pa. Superior Ct. 508; Esher v. R. R. & Mining Co., 28 Pa. Superior Ct. 387; Keile v. Kahn, 30 Pa. Superior Ct. 416; Giovanelli v. Erie R. R. Co., 228 Pa. 33; Collins v. Philadelphia, 227 Pa. 121; Rementer v. Philadelphia, 41 Pa. Superior Ct. 354; Sturtz v. D., L. & W. R. R. Co., 225 Pa. 249.

The case is quite like that of Bruch v. Philadelphia, 181 Pa. 588, in which the plaintiff while walking on a pavement stepped into a hole and was seriously injured. He

did not see the hole until he fell into it, and when he got up, he saw it and could then see it only by looking carefully. The court says, "This is the identical experience of the most careful man who has met with such an accident. In the exercise of ordinary care he does not see peril, otherwise he would avoid it: he falls into an excavation, crawls out, and by looking carefully, with all his senses quickened by the mishap, he sees and realizes the cause. By the exercise of extraordinary care before the accident he might have discovered that which was not ordinarily observable. But the public walking on the pavements of a large city, are not bound to exercise extraordinary care: care according to the circumstances is all the law enjoins. They have the right to assume the pavements are reasonably safe, and that they, by the ordinary use of their eyes, at an ordinary pace, can safely walk on them:" Walton v. Colwyn Boro. 19 Pa. Superior Ct. 172; Milliren v. Sandy Township, 29 Pa. Superior Ct. 580.

The judgment is affirmed.