## Councilman *v.* Galeton Borough, Appellant.

*Negligence—Borough—Sidewalk—Contributory negligence—Case for jury.*

In an action against a borough to recover damages for personal injuries caused by stepping off a sidewalk at a point where it was about two feet above the ground and unprotected by a guard rail, the question of plaintiff's contributory negligence is for the jury where the evidence shows that the night was dark, that the plaintiff was unfamiliar with the place of the accident, and that he walked slowly and with caution, although he had a feeling that something might happen.

Argued Oct. 27, 1911. Appeal, No. 187, Oct. T., 1911, by defendant, from judgment of C. P. Potter Co., Dec. T., 1908, No. 11, on verdict for plaintiff in case of Frank D. Councilman v. Galeton Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before ORMEROD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,160. Defendant appealed.

*Errors assigned* were (1) answer to defendant's tenth point, quoted in opinion of Superior Court, and (2) refusal of binding instructions for defendant.

*W. F. DuBois,* with him *C. R. Richmond* and *V. D. Acker,* for appellant, cited: Dwyer v. Port Allegheny

Boro., 216 Pa. 22; Boyle v. Mahanoy City Boro., 187 Pa.
1; Decker v. East Washington Boro., 21 Pa. Superior Ct.
211; Hentz v. Somerset Boro., 2 Pa. Superior Ct. 225;
Easton v. Philadelphia, 26 Pa. Superior Ct. 517; Crescent
Twp. v. Anderson, 114 Pa. 643; Robb v. Connellsville
Boro., 137 Pa. 42; Snyder v. Penn Twp., 14 Pa. Superior
Ct. 145; Scowden v. Erie R. R. Co.. 26 Pa. Superior Ct. 15;
Railroad v. Norton, 24 Pa. 465.

*W. K. Swetland,* with him *Nelson L. Allen,* for appellee,
cited: Clark v. Philadelphia, 46 Pa. Superior Ct. 253;
Iseminger v. York Haven Water & Power Co., 206 Pa.
591; Merriman v. Phillipsburg Boro., 158 Pa. 78; Altoona
v. Lotz, 114 Pa. 238; Musselman v. Hatfield Boro., 202 Pa.
489.

OPINION BY BEAVER, J., March 1, 1912:

The only question raised in this case is that of the con-
tributory negligence of the plaintiff.   Was the conduct of
the plaintiff of such a character that the court could say,
as matter of law, that it constituted contributory negli-
gence?

The alleged error of the court, as set forth in the two
assignments relied upon by the appellant, was the failure
to direct a verdict for the defendant, and the answer
to its tenth point for charge, the point and the answer
being as follows: "10. That, under the evidence of the
plaintiff, wherein he testified that he had gone over the
sidewalk in daylight; that he knew the walk was bad;
that he knew it was a bad place and was very careful to
watch the sidewalk; that he had a peculiar feeling for
three or four steps that he was going to step off the side-
walk; that he did not attempt to get on the roadway; that
he felt that something was going to happen, the plaintiff
was guilty of contributory negligence in causing the ac-
cident and, therefore, he cannot recover, and the verdict
of the jury must be for the defendant." *Answer:* "We
say to you, in answer to this point that, if at the time of

the accident, you find the plaintiff knew of the condition of this sidewalk, or of the conditions whereby he might step off and go down the distance there was from the top of the sidewalk to the ground below on the lower side, and that he knew he was in danger of stepping off at that time, and continued on in the way he was going, taking his chances on stepping off, then he was guilty of contributory negligence and he cannot recover in this case; but, if he did not know of the condition of the sidewalk, and he did not expect he was liable to step off of the edge of this walk, then he would not be guilty of contributory negligence and he could recover in this case."

The plaintiff had passed over the sidewalk in question the same evening prior to his injury and was returning to his hotel, when the accident occurred. At the time he passed over it, on his way to his destination, however, it was dark, or sufficiently dark to prevent his seeing or taking particular notice of the condition of the walk at the place at which he was hurt. The walk was in good condition, in itself considered, but on the one side was the road which was higher than the walk and from which mud had accumulated, and on the lower side was descending ground variously testified to be from eighteen inches to thirty inches below the sidewalk. There was no guard rail on the side from which the plaintiff stepped off, causing the accident from which he suffered. There were lights in the street, but they were over 400 feet apart and gave no sufficient light at the point at which the accident occurred to reveal the limits of the sidewalk. It may be that, in avoiding the mud which ran from the road upon the sidewalk, the plaintiff may have thought that he was encroaching upon the road and turned a little too much to the left, so that he stepped off the other side of the sidewalk which was at that point only four feet and six inches wide. He testified, however, that he was walking with extreme care and that he stopped in order to be certain of his direction, and, although he felt nervous and as if something were about to happen, that he was at the same

time very careful.   Under the circumstances, we cannot see how the court could have said to the jury that the plaintiff was guilty of contributory negligence, if he believed, as he testified, that he was taking unusual care and precaution.   Indeed the plaintiff's point seems to assume that he "was very careful to watch the sidewalk."

There is no allegation on the part of the appellant that a guard rail was not needed at that point, and the negligence of the borough, therefore, seems to be conceded. Under these circumstances, we fail to see that this was a case in which the court could, as a matter of law, direct the jury to find for the defendant, because of the contributory negligence of the plaintiff, which could be so declared as a question of law.   As was said by the present chief justice in Iseminger v. New Haven Water & Power Co., 206 Pa. 591, "It is only in clear cases where the facts and the inferences to be drawn from them are free from doubt that the court is warranted in saying that there was contributory negligence."

So in Steck v. City of Allegheny, 213 Pa. 573, and in our late case of Clark v. Philadelphia, 46 Pa. Superior Ct. 253, our Brother ORLADY said: "The question was purely one for the jury under the authorities.   To justify the court in giving binding instructions or in directing a verdict non obstante veredicto the controlling facts must be established beyond doubt and the conclusions to which they lead must be so clear and unquestionable that they may be judicially declared.   It is only when the facts and inferences therefrom are undisputed and where the precise measure of duty is determinate that the question is for the court: Hedricks v. Schuylkill Twp., 16 Pa. Superior Ct. 508; Esher v. R. R. & Mining Co., 28 Pa. Superior Ct. 387; Keile v. Kahn, 30 Pa. Superior Ct. 416; Giovanelli v. Erie R. R. Co., 228 Pa. 33; Collins v. Philadelphia, 227 Pa. 121; Rementer v. Philadelphia, 41 Pa. Superior Ct. 354; Sturtz v. D., L. & W. R. R. Co., 225 Pa. 249."

We think the answer to the defendant's point, by reason

of which the question of contributory negligence was practically left to the jury, covered the case as fully as the defendant had a right to ask, in view of the evidence of the plaintiff, as contained in the point itself, that he was walking very carefully.

A part of the cross-examination of the plaintiff and of his redirect examination we think make clear the fact that the case was for the jury and that the plaintiff could not have been charged with contributory negligence as a matter of law. He said, on cross-examination: "Q. You realized, did you not, before you stepped off there that you were in a dangerous place? A. I did not know how dangerous a place there was. Q. You realized you were in a dangerous place, did you not? A. No, I did not realize I was in a dangerous place. Q. Did you have any peculiar feeling just before you stepped off the walk? A. I had a feeling for three or four steps that I was going to step off that sidewalk. Q. Did you realize you were going to step off on the left-hand side of the sidewalk? A. I did not. Q. You kept right on walking? A. Why I did, but I walked very cautious. Q. Did you stop? A. I can't remember whether I stopped or not. Q. You are a person who has been in the habit of smoking? A. Why, yes, some. Q. Did you smoke at that time? A. I think I did. Q. You undoubtedly had matches in your pocket at that time? A. I do not know whether I did or not. Q. You did not stop to feel whether you had any matches or not? A. I do not think I did. Q. You did not attempt to get into the roadway off from the sidewalk? A. No, sir. Q. Yet you say you took three or four steps forward after you realized that you were going to step off? A. I did not realize that I was going to step off, but I had a funny feeling that something was going to happen—I cannot explain it. I think I stopped, and then went on very slow watching the sidewalk. Q. How far had you gone slow when you stepped off? A. I knew the sidewalk was bad along there and I was going very carefully. Q. You had known that for some time, had you not?

A. Why, no. It was dark there and I was going very carefully. I did not know how bad it was; I knew it was dark, and that there was a bad place there, and I was being careful, and walked very slow and watched the sidewalk." And, on redirect examination: "Q. I understood you to say you had been over this street sometimes in an automobile and possibly once or twice afoot? A. When I went over there, I usually went in an automobile. I don't know how many times I walked up by there. Q. As you approached this place, I understood you to say that you thought you could see the walk? A. Yes, sir. Q. And that you hesitated and then that you saw the walk and went ahead? A. Yes, sir. Q. Do you remember of crossing where it is marked driveway on the map, between Dr. Bentley's and the Low residence? Do you remember what character of walk there was there? A. There was some mud on that cross walk there. Q. And then you say you proceeded very cautiously two or three steps, when you fell? A. I did, yes, sir."

We think that this and other similar testimony elicited from the plaintiff upon further cross-examination, with practically nothing to contradict it, made it incumbent upon the court to leave the question of contributory negligence to the jury, and the manner in which it was left, under the answer to the defendant's tenth point, of which it complains, was all that the appellant had the right to ask.

Judgment affirmed.